STATE OF NEBRASKA, APPELLANT, v. OLIVER A. POCRAS, DOING BUSINESS AS LINCOLN NEWS AGENCY, APPELLEE.

90 N. W. 2d 263

Filed May 16, 1958. No. 34344.

*Ralph D. Nelson, Norma VerMaas,* and *Thomas J. Gorham,* for appellant.

*Wagener, Marx & Galter,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Lancaster County. It involves a charge originally brought in the name of the State of Nebraska against Oliver A. Pocras, doing business as the Lincoln News Agency, in the municipal court of the city of Lincoln. The charge, insofar as here material, is as follows: "* * * that * * * Defendant * * * on or about the 3rd day of October, A.D. 1956, * * * did unlawfully cause to be offered for sale and dispose of obscene, lewd and indecent publications contrary to the ordinance in that behalf provided, * * *."

The ordinance therein referred to is section 21-213 of the Lincoln Municipal Code of 1936 which provides, insofar as here material, that: "It shall be unlawful for any person or persons within the limits of said city * * * to sell or offer for sale, or dispose of in any manner, any obscene, lewd, or indecent book, picture, or other publication or thing."

In the municipal court the defendant entered a plea of "not guilty." However, that court found him "guilty as charged." From that conviction defendant appealed to the district court. In the district court defendant filed a motion to dismiss the complaint filed against him contending the ordinance, under which he was being complained against, to be unconstitutional, and there-

fore invalid, for several reasons. The trial court sustained this motion and dismissed the complaint. The State's motion for new trial having been overruled the city of Lincoln, in the name of the State of Nebraska, took this appeal therefrom. We shall herein refer to the appellee as the defendant. The question presented by the appeal is whether or not that part of the ordinance hereinbefore set forth is, for any of the reasons set forth by the defendant, unconstitutional.

The ordinance was passed by the city of Lincoln in the exercise of its police power. As stated in 67 C. J. S., Obscenity, § 4, p. 23: "The state (here city) has jurisdiction under its police power to protect its citizens against obscenity in its various forms, * * *. Such enactments cannot, however, transgress the boundaries fixed by the constitution, and they should not go beyond what is reasonably necessary to effect their objective." And, as stated in Annotation, 1 L. Ed. 2d, § 2(a), p. 2211: "It is established beyond doubt that no constitutional defect is inherent in federal or state regulation of obscene literature—that is, that such regulations are not ipso facto unconstitutional." See, also, Near v. Minnesota ex rel. Olson, 283 U. S. 697, 75 L. Ed. 1357, 51 S. Ct. 625; Winters v. New York, 333 U. S. 507, 92 L. Ed. 840, 68 S. Ct. 665; Roth v. United States, 354 U. S. 476, 1 L. Ed. 2d 1498, 77 S. Ct. 1304. As stated in Near v. Minnesota ex rel. Olson, *supra:* "Liberty of speech, and of the press, is also not an absolute right, and the State may punish its abuse. * * * the primary requirements of decency may be enforced against obscene publications." And, as held in Roth v. United States, *supra:* "But implicit in the history of the First Amendment is the rejection of obscenity as utterly without redeeming social importance. * * * We hold that obscenity is not within the area of constitutionally protected speech or press." See, also, First Amendment, Constitution of the United States; Article I, section 5, Constitution of Nebraska.

However, both state and federal Constitutions provide that no person shall be deprived of his life, liberty, or property without due process of law. See, Fifth Amendment, Constitution of the United States; Fourteenth Amendment, section 1, Constitution of the United States; Article I, section 3, Constitution of Nebraska.

In this regard it was said in Connally v. General Construction Co., 269 U. S. 385, 70 L. Ed. 322, 46 S. Ct. 126: "That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law."

And in Winters v. New York, *supra,* the court held that: "It is settled that a statute so vague and indefinite, in form and as interpreted, as to permit within the scope of its language the punishment of incidents fairly within the protection of the guarantee of free speech is void, on its face, as contrary to the Fourteenth Amendment."

Likewise, as stated in State v. Becker, 364 Mo. 1079, 272 S. W. 2d 283: "It may be conceded that a crime must be defined with sufficient definiteness and there be ascertainable standards of guilt to inform those subject thereto as to what conduct will render them liable to punishment thereunder."

The above principles are applicable to ordinances exercising police power and the question arises, is the language of the ordinance so vague and indefinite in this respect that it violates these principles? The language of the ordinance above referred to is as follows: "* * * any obscene, lewd, or indecent book, picture, or other publication or thing."

It was said in Connally v. General Construction Co., *supra:* "* * * the decisions of the court upholding statutes as sufficiently certain, rested upon the conclusion that they employed words or phrases having a technical or other special meaning, well enough known to enable those within their reach to correctly apply them, * * *." See, also, Winters v. New York, *supra;* Roth v. United States, *supra;* People v. Friedrich, 385 Ill. 175, 52 N. E. 2d 120; State v. Becker, *supra.* As stated in State v. Becker, *supra:* "The words of the statute 'obscene, lewd, licentious, indecent, lascivious, immoral, scandalous' are used therein as descriptive of the character of the publication prohibited to be possessed with intent to sell or circulate, are all synonymous and of similar meaning. Those descriptive words are neither vague nor indefinite. They are words of common usage and understanding, and as used in this statute, and in law, they have a meaning understood by all. Those words set out within this statute a clear and ascertainable standard of guilt which is readily to be comprehended." We find the language of the ordinance above quoted meets the constitutional requirements of due process of law.

There is a like question raised as to the following language of the ordinance, to wit: "* * * to sell or offer for sale, or dispose of in any manner, * * *." The ordinance must necessarily be tested by its operation and effect. Near v. Minnesota ex rel. Olson, *supra.* In doing so the following principles are applicable:

"Where the statute uses words of no determinative meaning, or the language is so general and indefinite as to embrace not only acts commonly recognized as reprehensible, but also others which it is unreasonable to presume were intended to be made criminal, it will be declared void for uncertainty." State v. Diamond, 27 N. M. 477, 202 P. 988, 20 A. L. R. 1527, and also quoted in Winters v. New York, *supra.* See, also,

State ex rel. English v. Ruback, 135 Neb. 335, 281 N. W. 607.

"Where a statute is so vague as to make criminal an innocent act, a conviction under it cannot be sustained." Winters v. New York, *supra*.

In State ex rel. English v. Ruback, *supra,* we quoted from Fairmont Creamery Co. v. Minnesota, 274 U. S. 1, 71 L. Ed. 893, 47 S. Ct. 506, 52 A. L. R. 163, with approval the following: "It is not permissible to enact a law which, in effect, spreads an all-inclusive net for the feet of everybody upon the chance that, while the innocent will surely be entangled in its meshes, some wrong-doers also may be caught." And therein we went on to quote from 16 C. J., Criminal Law, § 28, p. 68, the following: "* * * where the legislature declares an offense in words of no determinate signification, or its language is so general and indefinite that it may embrace not only acts commonly recognized as reprehensible but also others which it is unreasonable to presume were intended to be made criminal, the statute will be declared void for uncertainty."

The ordinance provides, insofar as here material to the foregoing principles, that: "It shall be unlawful for any person * * * to * * * dispose of in any manner, any obscene, lewd, or indecent book, picture, or other publication or thing." Let us presume that someone sent a publication of the above character to a citizen of Lincoln. Under the above ordinance it would be a violation thereof for such citizen to either burn it, throw it in the trash container, or dispose of it in any manner, even by giving it to the police. Certainly such is far in excess of any reasonable exercise by the city of its police power and void for uncertainty. Under it a citizen wholly innocent of any wrongdoing could be charged and convicted. Such would violate due process of law as guaranteed to the citizen by both state and federal Constitutions.

It follows from what has been said that the portion

of the ordinance last referred to and discussed is invalid and of no effect and consequently the charge made against the defendant, based thereon, is without force and effect. State ex rel. English v. Ruback, *supra*. In view thereof the district court was correct in dismissing the complaint and we affirm its judgment doing so.

AFFIRMED.

CHAPPELL, J., dissenting.

I respectfully dissent. As far as important here, the city ordinance involved provides: "It shall be unlawful for any person * * * *to sell or offer for sale, or dispose of in any manner,* any obscene, lewd, or indecent book, picture, or other publication or thing." (Italics supplied.)

As I view it, the words "dispose of in any manner" should be read in context with the words "to sell or offer for sale." In doing so, the principle contained in the legal doctrines of "ejusdem generis" and "noscitur a sociis" gives the language a meaning which includes all related dispositions to another of "any obscene, lewd, or indecent" property which may be made consistent with the intent and purpose of the ordinance to prohibit the selling or offering for sale.

To "dispose of" in a popular sense as used in reference to property means to part with a right to or possession or ownership of it to another. If that does not take place, it could hardly be said that the property was disposed of when as here "dispose of in any manner" which, as general language, follows and is associated with "sell or offer for sale," words of like kind or character. When used in that context, "dispose of in any manner" was intended to include all those cases where persons by some artifice, indirection, or design, have attempted to cover up or circumvent a sale or offer for sale of "obscene, lewd, or indecent book, picture, or other publication or thing" and thus evade the penalty of the law.

Viewed in such light, I am unable to comprehend

that a citizen wholly innocent of any wrongdoing could be charged and convicted under the ordinance.

Authorities supporting the foregoing conclusions are too numerous to repeat here. They are cited in Words and Phrases (Perm. Ed.), Vol. 12 A, pp. 497, 500, 501, 505, and 507; and Words and Phrases (Perm. Ed.), Vol. 38, pp. 567, 568, and 569. See, also, 82 C. J. S., Statutes, § 331, p. 654, and § 332, p. 656, with authorities cited. In such last-cited section at page 660, dealing with the doctrine of "ejusdem generis" it is said: "It has been held especially applicable to penal or criminal statutes, and statutes which partake of the nature of criminal process.

"This rule or maxim is an illustration or specific application of the broader maxim noscitur a sociis, which is discussed supra § 331. * * *

"The rule finds application and has frequently been applied where such terms as 'other,' 'any other,' 'others,' 'or otherwise,' or 'other thing' follow an enumeration of particular classes, and where this occurs such words are to be read as 'other such like,' and are construed to include only others of like kind or character."

As I view it, the district court erroneously dismissed the complaint and the judgment doing so should have been reversed.

I am authorized to say that Simmons, C. J., concurs in this dissent.