IN RE APPLICATION OF RICHARD L. MARKHAM FOR A WRIT OF HABEAS CORPUS.
RICHARD L. MARKHAM, APPELLEE, v. HOMER BRAINARD, SHERIFF OF DODGE COUNTY, NEBRASKA, APPELLANT.
134 N. W. 2d 84

Filed March 26, 1965.   No. 35886.

Clarence A. H. Meyer, Attorney General, and Richard L. Kuhlman, for appellant.

Kerrigan, Line & Martin, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BOSLAUGH, J.

This is a proceeding for a writ of habeas corpus brought by Richard L. Markham against the sheriff of Dodge County, Nebraska. The district court found that the imprisonment of the plaintiff was unlawful and ordered that he be discharged from confinement. The defendant appeals.

An information was filed in the district court for Dodge

County, Nebraska, alleging that on April 18, 1964, the plaintiff possessed a firearm with a barrel less than 12 inches in length and that in 1961 the plaintiff had been convicted of armed robbery, a crime of violence amounting to a felony. Thereafter the plaintiff was placed in the custody of the defendant pursuant to a mittimus issued out of the district court for Dodge County, Nebraska. The plaintiff then commenced this action, alleging that his detention was unlawful because the statute under which he was held, section 28-1011.07, R. S. Supp., 1961, was unconstitutional.

Section 28-1011.07, R. S. Supp., 1961, provides as follows: "It shall be unlawful for any person who is charged either by complaint, information or indictment with a crime of violence, or who has been convicted of a crime of violence amounting to a felony, or who is a fugitive from justice, to possess any firearm with a barrel less than twelve inches in length, or brass or iron knuckles. Such charge may be on file, or such conviction may have been had, in any court of the United States, the several states, territories, possessions, or the District of Columbia." Section 28-1011.09, R. S. Supp., 1961, provides that a violation of section 28-1011.07, R. S. Supp., 1961, is a felony and prescribes the penalty to be imposed upon conviction of the offense.

The plaintiff contends that section 28-1011.07, R. S. Supp., 1961, is unconstitutional because it is vague and uncertain and makes criminal an act which an accused may have no way of knowing is criminal at the time of its commission.

The statute prohibits the possession of certain weapons by any person who has been charged with a crime of violence or has been convicted of a crime of violence amounting to a felony. The plaintiff contends that the statute is vague and uncertain because the term "crime of violence" is not defined in the act.

The term, crime of violence, does not appear to have a well-known or adjudicated meaning. The parties cite

no authority in which a definition of the term may be found and it is not defined in any dictionary or reference book known to us. The term has been used in similar legislation in some jurisdictions, but such statutes specify which crimes are to be considered as crimes of violence within their meaning.

It is a fundamental requirement of due process of law that a criminal statute be reasonably clear and definite. A crime must be defined with sufficient definiteness and there must be ascertainable standards of guilt to inform those subject thereto as to what conduct will render them liable to punishment thereunder. State v. Nelson, 168 Neb. 394, 95 N. W. 2d 678. The dividing line between what is lawful and unlawful cannot be left to conjecture.

A similar term appears in section 29-2620, R. R. S. 1943, of the indeterminate sentence law. In a number of cases this court has been required to decide whether under that act a particular crime was a "crime of violence" against the person of another. See Draper v. Sigler, 177 Neb. 726, 131 N. W. 2d 131. These cases illustrate the problem involved in determining which crimes should be classified as crimes of violence.

The plaintiff further contends that the statute is invalid because it applies to any person charged with a crime of violence without regard to whether the person knows that such a charge has been made. Thus, the statute could make an act criminal where the person accused would have no way of knowing that the act was a crime at the time of its commission.

Although the Legislature may enact criminal statutes which do not include criminal intent or guilty knowledge as an element of the crime, a penal law which makes criminal an act which the utmost care and circumspection would not enable one to avoid is invalid. State v. Strasburg, 60 Wash. 106, 110 P. 1020, 32 L. R. A. N. S. 1216, Ann. Cas. 1912B 917; 22 C. J. S., Criminal Law, § 30, p. 102; 14 Am. Jur., Criminal Law, § 16, p. 769.

We conclude that section 28-1011.07, R. S. Supp., 1961, contravenes the due process clause of the Constitution of Nebraska and is, therefore, invalid. The judgment of the district court is correct and it is affirmed.

· AFFIRMED.