STATE OF NEBRASKA, APPELLEE, V. GARY L. ADAMS, APPELLANT.

143 N. W. 2d 920

Filed July 8, 1966. No. 36224.

Bertrand V. Tibbels, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and COLWELL, District Judge.

BOSLAUGH, J.

The defendant, Gary L. Adams, was convicted of operating a motor vehicle upon a highway in such a manner as to endanger the safety of others or cause immoderate wear or damage to the highway in violation of section 39-7,108.01, R. R. S. 1943. The defendant's motion for new trial was overruled and he has appealed to this court.

The principal issue here is the validity of the statute. It was challenged by motions to quash and by demurrer in the lower court. The defendant contends that the statute is vague and indefinite; and that it fails to prohibit any specific act or prescribe an ascertainable standard of guilt.

Section 39-7,108.01, R. R. S. 1943, provides as follows: "Any person or persons who shall operate a vehicle upon any highway in such a manner as to (1) endanger the safety of others or (2) cause immoderate wear or damage to any highway, shall be deemd guilty of a misdemeanor and shall, upon conviction thereof, be punished by a fine of not less than twenty-five dollars nor more than one hundred dollars or by imprisonment in the county jail for not more than thirty days, or by both such a fine and imprisonment. It shall be held prima facie evidence that a person has operated a vehicle over a state highway in a manner to endanger the safety of others or so as to cause immoderate use or damage to a state highway, if he has operated such vehicle in a manner contrary to the duly published rules and regulations of the Department of Roads governing the use of state highways."

The statute appears to have originated as a section of the Civil Administrative Code enacted in 1919. See

Laws 1919, c. 190, Tit. VII, Art. II, § 16, p. 814. By another section of the code (now § 39-7,134, R. R. S. 1943), the department was authorized to formulate rules and regulations in regard to the use of and travel upon the state highways in order to promote public safety, preserve and protect state highways, and prevent immoderate and destructive use of the same. See, Laws 1919, c. 190, Tit. VII, Art. II, § 15, p. 813; Trussell v. Ferguson, 122 Neb. 82, 239 N. W. 461.

Section 39-7,108.01, R. R. S. 1943, as originally conceived, was a penalty section to aid in the enforcement of the rules and regulations regarding the use of the state highways. In 1955, the statute was amended so as to provide for a penalty of imprisonment of "not more than thirty days." Laws 1955, c. 146, § 1, p. 409; c. 147, § 1, p. 410. In 1959, the statute was amended so as to apply to "any highway." Laws 1959, c. 172, § 1, p. 623.

It is a fundamental requirement of due process of law that a criminal statute be reasonably clear and definite. Markham v. Brainard, 178 Neb. 544, 134 N. W. 2d 34. A crime must be defined with sufficient definiteness and there must be ascertainable standards of guilt to inform those subject thereto as to what conduct will render them liable to punishment thereunder. State v. Nelson, 168 Neb. 394, 95 N. W. 2d 678. The dividing line between what is lawful and unlawful cannot be left to conjecture.

The terms of a penal statute creating an offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties. A statute which forbids the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning, and differ as to its application, violates the first essential of due process of law. Connally v. General Constr. Co., 269 U. S. 385, 46 S. Ct. 126, 70 L. Ed. 322; State v. Nelson, *supra.* See, also, State v. Pocras, 166 Neb. 642,

90 N. W. 2d 263; State ex rel. English v. Ruback, 135. Neb. 335, 281 N. W. 607.

Section 39-7,108.01, R. R. S. 1943, as it now exists, is not limited to the operation of a vehicle upon a state highway or to the operation of a vehicle contrary to the rules and regulations of the Department of Roads. The statute in its present form prohibits the operation of any vehicle upon any highway in such a manner as to endanger the safety of others or cause immoderate wear or damage to the highway.

As pointed out by the defendant, in a broad sense the mere operation of a motor vehicle endangers the safety of others to some extent. Although it is unlikely that the Legislature intended such a broad application, there is no language in the statute which limits it to a more specific application.

State v. Joas, 34 N. J. 179, 168 A. 2d 27, a recent New Jersey case cited by the Attorney General, involved a statute which prohibited driving a vehicle upon a highway "carelessly, or without due caution and circumspection, in a manner so as to endanger, or be likely to endanger, a person or property * * *." The New Jersey statute included an element of careless or negligent operation which is absent from section 39-7,108.01, R. R. S. 1943. In the absence of a further requirement that the operation of the vehicle be "negligent" or "careless" or some similar specification, we think the statute fails to prescribe an ascertainable standard of guilt.

We conclude that section 39-7,108.01, R. R. S. 1943, fails to conform to those constitutional requirements which are applicable to criminal and penal statutes and that it is void and unenforceable.

The judgment of the district court is reversed and the cause remanded with directions to enter a judgment dismissing the complaint.

REVERSED AND REMANDED WITH DIRECTIONS.