## CITY OF DETROIT *v.* SANCHEZ

1. CONSTITUTIONAL LAW—DUE PROCESS—CITY ORDINANCE—VAGUENESS.

    A city ordinance which makes it unlawful to "wrongfully follow" any person in any public street is, because of its vagueness, repugnant to the due process clause of the United States Constitution; therefore no conviction under it can be sustained (Detroit city code § 39–1–36).

2. CONSTITUTIONAL LAW—DUE PROCESS—CITY ORDINANCE—VAGUENESS.

    A city ordinance can be unconstitutionally vague because of its over-breadth of coverage as well as because of imprecise terminology or phraseology.

3. CONSTITUTIONAL LAW—DUE PROCESS—CITY ORDINANCE—VAGUENESS.

    A city ordinance is unconstitutionally vague if it makes innocent as well as culpable conduct criminal.

4. STATUTES—CONSTRUCTION—CONSTITUTIONALITY.

    Statutes should be construed so as to avoid rendering them unconstitutional where this is possible, but when the language of the statute is unambiguous, the intention of the legislative body governs.

5. STATUTES—CONSTITUTIONALITY—PRESUMPTION.

    A legislative act is presumed to be constitutional, but this presumption cannot continue when the government unit which enacted the legislation defines prohibited conduct in such a way that it is impossible for the act to stand.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 37 Am Jur, Municipal Corporations §§ 156, 163.
[4] 50 Am Jur, Statutes § 223.
[5] 50 Am Jur, Statutes §§ 170, 171, 195.
[6] 37 Am Jur, Municipal Corporations §§ 155–157.
[7] 37 Am Jur, Municipal Corporations § 167.
[8] 37 Am Jur, Municipal Corporations §§ 199, 200, 202.

6. CONSTITUTIONAL LAW—DUE PROCESS—CITY ORDINANCE—VAGUE-
NESS—PRESUMPTION—CULPABLE CONDUCT.

A city ordinance making it unlawful to "wrongfully follow"
another person gives rise to a conclusive presumption of
culpable conduct on proof of what is in itself an innocent
act; therefore the ordinance unconstitutionally presumes
what should be the ultimate issue: what defendant's pur-
pose was in going over the same path as the complainant
(Detroit city code § 39–1–36).

7. STATUTES—UNCONSTITUTIONAL PROVISION—SEVERABILITY.

Unconstitutional provision of an ordinance that it is unlawful
to "wrongfully follow" another person can be severed from
other provisions of the ordinance of which it is a part,
and the other provisions can remain in effect (CL 1948,
§ 8.5; Detroit city code § 39–1–36).

8. CRIMINAL LAW—DUE PROCESS—CITY ORDINANCE—INVALID PROVI-
SION—CONVICTION.

A conviction under an invalid provision of an ordinance can-
not be sustained.

Appeal from Recorder's Court of Detroit, Andrew
C. Wood, J. Submitted Division 1 February 5, 1969,
at Detroit. (Docket No. 4,420.) Decided July 29,
1969.

Thomas Ray Sanchez was convicted of "wrong-
fully following" in violation of a Detroit ordinance.
Defendant appeals. Reversed.

*Robert Reese,* Corporation Counsel, and *John E.
Cross* and *Robert D. McClear,* Assistants Corpora-
tion Counsel, for plaintiff.

*William L. Colden,* for defendant.

Before: LESINSKI, C. J., and T. M. BURNS and
J. J. KELLEY,* JJ.

* Circuit Judge, sitting on the Court of Appeals by assignment.

T. M. BURNS, J.   Defendant, Thomas Ray Sanchez, seeks reversal of a conviction for "wrongfully following" in violation of § 39–1–36[1] of the code of the city of Detroit. He was convicted in the traffic and ordinance division of the recorder's court for the city of Detroit in trial without a jury on a general "ogling complaint". There is sufficient evidence in the record for the trial court to have found, as it did, that defendant "wrongfully followed" complainant within the meaning of the ordinance.[2] We find, however, that the ordinance to the extent that it makes "wrongfully following" criminal is repugnant to the due process clause of the Fourteenth Amendment, *Lanzetta* v. *State of New Jersey* (1939), 306 US 451 (59 S Ct 618, 83 L Ed 888); *Giaccio* v. *Pennsylvania* (1966), 382 US 399 (86 S Ct 518, 15 L Ed 2d 447); and that therefore no conviction under it can be sustained. *Winters* v. *New York* (1948), 333 US 507 (68 S Ct 665, 92 L Ed 840).

We are compelled to decide thus because this provision of the ordinance is unconstitutionally vague. By "vague" we do not mean here that sort of vagueness referred to by the Supreme Court of Michigan in *People* v. *Austin* (1942), 301 Mich 456, that is, that the ordinance is put in terms which require men of common intelligence to guess as to its meaning and differ as to its application. The vagueness which invalidates this ordinance is its over-breadth of coverage rather than imprecise terminology or phraseology. The conviction cannot be sustained, because the ordinance makes criminal

---

[1] "No person shall use indecent or immoral language, nor shall any person improperly, lewdly, wantonly, or wrongfully accost, ogle, insult, annoy, follow, pursue, lay hands on or, by gesture, movement of body or otherwise, wrongfully molest any person in any public street, lane, alley, square, park, public vehicle or space in the city."

[2] "Wrongfully follow" as defined by the city in its brief on appeal is unjustly or unlawfully moving behind over the same path.

innocent as well as culpable conduct. *City of Detroit* v. *Bowden* (1967), 6 Mich App 514. The words used by the legislative adopting body are in this instance unambiguous. When the language is unambiguous, as here, the intention of the legislative body governs. *People* v. *Powell* (1937), 280 Mich 699. Therefore, we cannot interpret this provision of the ordinance so as to avoid invalidating it, as we are bound to do where possible. See *People* v. *Schoenberg* (1910), 161 Mich 88.

The legislative intent as evidenced by the terms of the ordinance and the brief of the city on appeal, was to make it criminal for one person to "follow" another. The city unequivocally asserts that it is the objective fact of following that is the crime without more. The city says that specific intent is not an element of the crime, and characterizes the conduct prohibited as something akin to speeding or carrying a concealed weapon.

The city claims the ordinance makes acts criminal without proof of intent yet common sense and justice demand that without the specific intent the conduct cannot be wrongful. The difficulty of producing evidence of specific intent in a crime such as this is real, and we sympathize with problems of the police. In that respect, we find ourselves faced here with a situation much like the one which faced us in *City of Detroit* v. *Bowden* (1967), 6 Mich App 514. We reiterate here what we said there (p 519):

. ."We do not disparage the difficulties which beset a large metropolitan area and its law-enforcement agencies in coping with the problem which this ordinance seeks to alleviate; rather we proceed cautiously in evaluating any statute or ordinance which seeks to aid the meritorious efforts of those who are charged with our protection. But the ends do not justify the means, and the legislation must pass

constitutional muster to warrant our approval, once it is questioned on such ground. As a duly passed legislative act the ordinance is presumed constitutionally valid. Those who seek to defeat it bear the burden of proving that, when tested by constitutional standards, careful judicial scrutiny will find that this presumption has been overcome."

We cannot continue the presumption of constitutionality when the city which enacted the ordinance defines the conduct prohibited so that it is impossible for it to stand.

The plaintiff tautologically argues that the actions prohibited by the ordinance are not innocent. The conduct made criminal by the ordinance as defined by the plaintiff-city, however, includes innocent coincidence as well as intentional and malicious conduct. A person who only thinks he is being followed may feel as harassed or molested as a person who is actually being followed, or a person may pursue another with evil intent without the person being pursued ever knowing it. Justice prohibits the imposition of criminal sanctions in the first instance for the imagined injury, but it may require criminal sanctions in the second although the person being pursued suffered no discomfort or annoyance.

In *City of Detroit* v. *Bowden, supra,* we struck down an ordinance (Detroit city code, § 39–1–52) which presumed that a person who was a known prostitute or panderer was engaged in his "known occupation" whenever he tried to stop another person or motor vehicle by hailing, whistling, or other actions. We do not want people to be molested or annoyed or pursued any more than we wish to have prostitutes soliciting business in our streets, but neither can we allow people to be punished for innocent acts. *City of Detroit* v. *Bowden, supra.* The ordinance in question here is in effect just like

the ordinance which we found denied due process in the *Bowden Case* in that it gives rise to conclusive presumption of culpable conduct on proof of what is in itself an innocent act. The ordinance unconstitutionally presumes what should be the ultimate issue: what defendant's purpose was in going over the same path behind the complainant. *City of Detroit* v. *Bowden, supra; Manley* v. *Georgia* (1929), 279 US 1 (49 S Ct 215, 73 L Ed 575). We will not permit the city to shift the burden of proof to the defendant in such an unconstitutional way. See *Heiner* v. *Donnan* (1932), 285 US 312, 329 (52 S Ct 358, 76 L Ed 772), and *City of Detroit* v. *Bowden, supra,* p 525.

Detroit city code § 39-1-36 as found in footnote 1 of this opinion prohibits more than just "wrongful following". We find that the prohibitions are separable. See CL 1948, § 8.5 (Stat Ann 1961 Rev § 2.216). Although we strike down the provisions of the ordinance regarding "following or pursuing", we express no opinion as to the rest of the ordinance.

We find therefore that provisions of Detroit city code § 39-1-36 dealing with "following or pursuing" deny due process and that they are repugnant to both the Michigan and United States Constitutions. *City of Detroit* v. *Bowden, supra,* and *Lanzetta* v. *New Jersey, supra; Giaccio* v. *Pennsylvania, supra.* No conviction under an invalid provision of an ordinance can be sustained, *Winters* v. *New York, supra.*

Reversed.

All concurred.