STATE OF NEBRASKA, APPELLEE, V. JEROLD KNOLES, APPELLANT.

256 N. W. 2d 873

Filed August 17, 1977.   No. 41143.

Baylor, Evnen, Baylor, Curtiss & Grimit, for appellant.

Paul L. Douglas, Attorney General, and Dean F. Skokan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

The defendant, Jerold Knoles, was charged in the county court of Sarpy County with making an illegal U-turn on Interstate 80 in violation of section 39-651, R. R. S. 1943.   Trial was had in the county court where the defendant was found not guilty of the offense charged and the case was dismissed.   On appeal to the District Court for Sarpy County by the county attorney's office, the judgment of the county court was reversed.   On appeal to this court the defendant has raised several assignments of error,

however we feel it is necessary to consider only one, that being whether the defendant was twice placed in jeopardy by being tried in the District Court after the county court had found him not guilty. We reverse.

Arguing that double jeopardy only attaches when both proceedings are criminal, Mitchell v. State, 12 Neb. 538, 11 N. W. 848, the State contends that an action to recover the penalty for this traffic infraction is a civil proceeding. To reach this conclusion the State apparently relies on the following sections of the Nebraska statutes: Section 39-6,102, R. R. S. 1943, declares that "Unless otherwise declared . . . a violation of any provision of sections 39-601 to 39-6,122 shall constitute a traffic infraction as defined in section 39-602"; section 39-602(106), R. S. Supp., 1976, which defines a traffic infraction as "the violation of any provision of sections 39-601 to 39-6,122 or of any law, ordinance, order, rule, or regulation regulating traffic which is not otherwise declared to be a misdemeanor or a felony and which shall be a civil offense"; and section 39-6,112, R. S. Supp., 1976, the penalty provision, which provides that "Any person who is found guilty of a violation of Chapter 39, article 6, or of Chapter 39, article 7, for which a penalty has not been specifically provided shall be fined: (1) Not more than one hundred dollars for the first offense. . . ." Thus the State argues that a traffic infraction is a civil offense and the county attorney could properly appeal the county court's decision without violating a person's right not to be twice placed in jeopardy. Although the State is correct in asserting that jeopardy only attaches in criminal proceedings, Art. I, § 12, Constitution of Nebraska, we cannot agree that the proceeding in question was civil.

A brief examination of the statutory scheme of the Nebraska Rules of the Road may be helpful. In 1973 the Nebraska Legislature amended the rules of the road to establish three categories of offenses: Traf-

fic infractions, misdemeanors, and felonies. All offenses not otherwise designated were declared to be traffic infractions by section 39-6,102, R. R. S. 1943. Section 39-602(106), R. S. Supp., 1976, defined a traffic infraction not otherwise designated as a felony or misdemeanor as a civil offense. A perusal of the rules shows that only a few offenses are expressly declared to be misdemeanors: Sections 39-604(2); 39-619.01; 39-668; 39-669.21 (incorporating sections 39-6,127, 39-6,133, 39-6,138, 39-6,140, and 39-6,192); 39-699.01; and 39-6,100, R. R. S. 1943. Some offenses, labeled neither misdemeanors nor felonies, authorize imprisonment as a penalty despite their purported civil classification: Sections 39-669.02; 39-669.04; and 39-669.05, R. R. S. 1943. Two unlabled offenses, sections 39-669.06 and 39-669.20, R. R. S. 1943, are in fact felonies by virtue of the criminal code's general definition which provides that "The term felony signifies such an offense as may be punished with death or imprisonment in the Nebraska Penal and Correctional Complex. . . ." § 29-102, R. R. S. 1943. Furthermore, some offenses which bear no label at all are declared to be crimes, despite the provisions of sections 39-602(106), R. S. Supp., 1976, and 39-6,102, R. R. S. 1943, e.g., section 39-669.08, R. R. S. 1943.

In State v. Missouri P. Ry. Co., 64 Neb. 679, 90 N. W. 877, an original action was commenced in the Nebraska Supreme Court to recover a fine for the violation of a freight law. Since the Supreme Court had only appellate jurisdiction of crimes, the right of the State to maintain the action was dependent upon whether a violation of that law gave rise to a civil action. Relying on Mitchell v. State, *supra,* wherein this court had held that a proceeding to collect a statutory forfeiture for an offense constituted a civil action, the Attorney General contended the action before the court was likewise civil.

However, in the case then before it, this court de-

clared that the rule was different with respect to statutory fines. The primary definition of a fine, the court stated, is a pecuniary punishment inflicted by the sentence of a court exercising criminal jurisdiction. Furthermore, the court stated it could not remember ever having heard the action of a court giving judgment in a civil case described as a fine. This court felt that the language employed by the Legislature was significantly indicative of a crime. "Every transgression of the section quoted is characterized as an 'offense,' the means by which the law is to be enforced is described as a 'prosecution,' the verdict is called a 'conviction,' and the judgment a 'fine.' These words abound in the Criminal Code and they are associated in popular thought with laws for the prevention and punishment of crime." State v. Missouri P. Ry. Co., *supra*. In effect calling the proceeding criminal, this court dismissed the action for want of jurisdiction.

An examination of the relevant statutes involved in the action before us reveals a great similarity between their wording and the factors militating toward a finding that the proceeding in State v. Missouri P. Ry. Co., *supra,* was criminal. First, section 39-6,105, R. S. Supp., 1976, states that: "Whenever any person shall be charged with a traffic infraction, such person shall be issued a citation pursuant to the provisions of section 29-424. Any person who refuses to sign the citation shall be guilty of a misdemeanor and shall, upon conviction thereof, be punished as provided by the provisions of section 29-426." Immediately, words connoting a criminal action can be seen. The statute speaks of a person being "charged" with an infraction. A refusal to sign the citation results in one being "guilty of a misdemeanor," and punishment upon "conviction" is prescribed. Such words are commonly associated with a criminal proceeding.

Section 29-422, R. R. S. 1943, declares it to be a pol-

icy of the State "to issue a citation in lieu of arrest or continued custody for any offense which is a traffic infraction. . . ." The phrase, "in lieu of arrest or continued custody" can hardly be associated with anything but a criminal proceeding. Section 29-424, R. R. S. 1943, the section relating to the issuance of citations for traffic infractions, requires the citation to contain, among other things, "the offense charged," and also requires that the person cited shall sign a promise to appear in court and thereafter such person "shall be released from custody." Being "released from custody" can only point to a criminal proceeding. Section 29-426, R. R. S. 1943, provides for a fine or imprisonment for failing to appear with regard to the command of a citation. This section also constitutes the penalty for failing to sign a citation. Clearly, the possible imposition of a jail sentence can indicate only a criminal action.

Other statutory terms found in the rules of the road relevant with respect to the civil-criminal determination are: The "judgment of conviction" with regard to a traffic violation; the citation deemed a complaint for "prosecution" purposes; the allowance of the posting of a "guaranteed arrest-bond" when a bond is required; and the providing of a fine when a person has been found "guilty." As stated in State v. Missouri P. Ry. Co., *supra,* these words are associated with criminal law, and we think they conclusively show that this violation was a crime and the proceeding criminal, notwithstanding the legislative labeling of a traffic infraction a civil offense.

Lastly, an examination of Mitchell v. State, *supra,* the case relied on by the State for the proposition that this is a civil proceeding, reveals that it rests on the same fragile foundation that was recently disapproved in State v. Kolosseus, 198 Neb. 404, 253 N. W. 2d 157, in connection with a claim that a prosecution for violation of a city gambling ordinance was a civil

proceeding, that being the action is claimed to be civil since it is a common law action for debt.

Accordingly, we hold that a violation of section 39-651, R. R. S. 1943, is a crime and the resulting trial a criminal proceeding, and further, that a prosecution for a traffic infraction is a criminal offense within the meaning of the jeopardy provisions of our Constitution. When the defendant was found not guilty and the case dismissed by the county court, he could not be tried again for the same offense in the District Court without being twice placed in jeopardy. See State v. Hutter, 145 Neb. 798, 18 N. W. 2d 203. The judgment of the District Court is reversed.

REVERSED.