STATE OF NEBRASKA, APPELLANT, v. MARK A. GILLETT, APPELLEE.
STATE OF NEBRASKA, APPELLANT, v. JAMES T. GASTON, APPELLEE.

261 N. W. 2d 763

Filed January 25, 1978. Nos. 41406, 41407.

F. A. Gossett, III, for appellant.

Neil W. Schilke, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

These are appeals from orders of the District Court for Dodge County, Nebraska, holding section 39-669, R. R. S. 1943, the careless driving statute, un-

constitutional. For reasons set our hereafter, we dismiss the appeals.

In State v. Knoles, *ante* p. 211, 256 N. W. 2d 873, we determined that a prosecution for a traffic infraction under the Nebraska rules of the road is a criminal offense within the meaning of the double jeopardy provision of Article I, section 12, Constitution of the State of Nebraska. The opinion discussed in some detail the arrest provisions, the custody provisions, the references to guilt, and the possibility of the imposition of a jail sentence as factors in determining that offenses under the Nebraska rules of the road were, *in fact, criminal and not civil.*

Here the county attorney filed motions for new trials which were overruled by the trial court. From the overruling of the motions, the appeals were docketed in this court as ordinary civil matters. Section 29-2315.01, R. R. S. 1943, recites in part: "The county attorney may take exception to any ruling or decision of the court made during the prosecution of a cause by presenting to the trial court the application for leave to docket error proceedings which the county attorney intends to make to the Supreme Court with reference to the rulings or decisions of which complaint is made. * * * Such application shall be presented to the trial court within twenty days after the final order is entered in the cause, and upon presentation, if the trial court finds it is in conformity with the truth he shall sign the same, and shall further indicate thereon whether in his opinion the part of the record which the county attorney proposes to present to the Supreme Court is adequate for a proper consideration of the matter."

As the error procedure outlined in section 29-2315.01, R. R. S. 1943, was not followed, this court has not acquired jurisdiction of the appeals. Appeals dismissed.

APPEALS DISMISSED.