STATE OF NEBRASKA, APPELLANT, V. CLIFFORD E.
HUFFMAN, APPELLEE.

275 N. W. 2d 838

Filed February 27, 1979. No. 42154.

Vincent Valentino and Michael J. Murphy, for appellant.

Larry R. Baumann, for appellee.

Heard before KRIVOSHA, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

KRIVOSHA, C. J.

This matter comes before the court on error proceedings brought by the County Attorney of York County, Nebraska, pursuant to the provisions of sections 29-2315.01 and 29-2319 (3), R. R. S. 1943. The specific question concerns the constitutionality of section 39-669, R. R. S. 1943, which provides as follows: "Any person who operates a vehicle in a manner so as to endanger *or be likely to endanger* any person or property shall be guilty of careless driving." (Emphasis supplied.) The county court of York County, Nebraska, wherein the appellee was tried on an amended charge of careless driving, sustained appellee's motion to dismiss the charge, finding section 39-669, R. R. S. 1943, was void for vagueness and therefore in violation of the fundamental

constitutional requirements of the due process clause. On appeal the District Court for York County, Nebraska, also found the statute to be vague and in violation of the constitutional requirements applicable thereto, and ruled the statute unconstitutional. We agree with the District Court and affirm the judgment.

It is without question that a violation of section 39-669, R. R. S. 1943, constitutes a crime for which a perpetrator is subject to criminal prosecution. State v. Knoles, 199 Neb. 211, 256 N. W. 2d 873. Since the statute in question is criminal in nature, it is a fundamental requirement of due process of law that such criminal statute be reasonably clear and definite. Markham v. Brainard, 178 Neb. 544, 134 N. W. 2d 84; State v. Adams, 180 Neb. 542, 143 N. W. 2d 920.

A crime must be defined with sufficient definiteness and there must be ascertainable standards of guilt to inform those subject thereto as to what conduct will render them liable to punishment thereunder. State v. Nelson, 168 Neb. 394, 95 N. W. 2d 678; Heywood v. Brainard, 181 Neb. 294, 147 N. W. 2d 772. The dividing line between what is lawful and unlawful cannot be left to conjecture. State v. Adams, *supra;* State v. Nelson, *supra.* The citizen cannot be held to answer charges based upon penal statutes whose mandates are so uncertain that they will reasonably admit of different constructions. A criminal statute cannot rest upon an uncertain foundation. The crime and the elements constituting it must be so clearly expressed that the ordinary person can intelligently choose in advance what course it is lawful for him to pursue. Penal statutes prohibiting the doing of certain things and providing a punishment for their violation should not admit of such a double meaning that the citizen may act upon one conception of its requirements and the courts upon another. State, ex rel. English v. Ruback, 135 Neb. 335, 281 N. W. 607; Connally v. General Con-

struction Co., 269 U. S. 385, 46 S. Ct. 126, 70 L. Ed. 322. A statute which forbids the doing of an act in terms so vague that men of common intelligence must necessarily guess as to its meaning, and differ as to its application, violates the first essential element of due process of law. State v. Adams, *supra*; State v. Pocras, 166 Neb. 642, 90 N. W. 2d 263.

In the case of State v. Adams, *supra,* this court was called upon to determine the constitutionality of section 39-7,108.01, R. R. S. 1943. We there held that the statute in question was sufficiently vague as to violate the constitutional requirements saying: "As pointed out by the defendant, in a broad sense the mere operation of a motor vehicle endangers the safety of others to some extent. Although it is unlikely that the Legislature intended such a broad application, there is no language in the statute which limits it to a more specific application."

The statute in question makes it a violation not only to operate a motor vehicle "in a manner so as to endanger * * * any person or property," but likewise makes it an equal violation to operate a motor vehicle "in a manner * * * *likely* to endanger any person or property." (Emphasis supplied.) If, in fact, as we said in State v. Adams, *supra*, men of common intelligence cannot ascertain in advance when they are operating a motor vehicle in a manner so as to *endanger* any person or property, all the more must it be said that it would be difficult or at least open to sufficient conjecture as to when one was operating a motor vehicle "in a manner so as to * * * *be likely* to endanger any person or property * * *" (Emphasis supplied.) Obviously the question of whether one is operating a motor vehicle in a manner so as to be likely to endanger must of necessity involve opinion and therefore be open to conjecture. Likewise, whether one is "likely" to be operating a motor vehicle in such a manner as to endanger any person or property may to some extent depend

upon the ability of the driver as well as conditions, known or unknown, to the driver.

The determination as to whether the particular driving was, in fact, in a manner "likely" to endanger may in some instances be ascertainable only after the fact. The standard announced in the statute fails to describe a crime and the elements constituting the crime in a clear, prospective manner as required by our criminal law. There appears within the statute no ascertainable standard by which men of common intelligence can determine what is unlawful. Under the provisions of the act as it now stands, no injury need occur. The test is only to determine if, in fact, one operated an automobile in such a manner "likely" to endanger. In certain instances that may only be ascertainable after the fact and based upon speculation and conjecture. To permit the doing of an act without violation of the statute if performed by an experienced driver, while making the same act unlawful if performed by a novice driver, is far too vague and indefinite to withstand constitutional attack. We, therefore, find and declare that section 39-669, R. R. S. 1943, is vague and indefinite and is thus unconstitutional. We accordingly affirm the judgment of the District Court for York County, Nebraska

AFFIRMED.

McCOWN and BRODKEY, JJ., concur in result.

CLINTON, J., dissenting.

I respectfully dissent. The majority finds that the statutory language, "operates a vehicle in a manner so as to endanger or be likely to endanger any person or property shall be guilty of careless driving," is so vague and unsusceptible of a determinable meaning that it is unconstitutional. I agree that criminal statutes (as well as others) occasionally may be that vague. In my judgment, however, this is not one of those cases.

This court held a predecessor statute, section 39-

7,108.01, R. R. S. 1943, unconstitutional for vagueness. The language of the statute under consideration there was: " 'Any person or persons who shall operate a vehicle upon any highway in such a manner as to (1) endanger the safety of others or (2) cause immoderate wear or damage to any highway, shall be deemed guilty of a misdemeanor . . . .' " State v. Adams, 180 Neb. 542, 143 N. W. 2d 920.

It is apparent the opinion in Adams was founded upon the premise that the language describing the act prohibited did not import an element of "careless or negligent operation," and that some such language was necessary to make it sufficiently precise. The opinion referred to a New Jersey case with the apparent purpose of indicating the kind of language which would be acceptably definite and said: "The New Jersey statute included an element of careless or negligent operation which is absent from section 39-7,108.01, R. R. S. 1943."

The first argument of the majority here seems to be that the word "careless," in section 39-669, R. R. S. 1943, only names the crime but does not describe the act which is prohibited. It seems clear enough to me that the words of section 39-669, R. R. S. 1943, import the concept of driving in a careless or negligent manner so as to endanger. Apparently if the statute read: "Any person who operates a vehicle in a careless [or negligent] manner so as to endanger or be likely to endanger any person or property shall be guilty of a misdemeanor [infraction]," the majority would be satisfied. We have a duty to construe statutes so they satisfy constitutional requirements if possible. Here, where the statute in its body calls the crime "careless driving," it quite obviously means the manner of driving must be careless. As so construed the statute is not vague.

The majority also argues the statute is vague because whether the manner of driving is likely to endanger "may in some instances be ascertainable

only after the fact." This seems an unusual and tenuous argument, since whether a violation has occurred must always be ascertained after the fact by the trier of fact in the light of the evidence. If section 39-669, R. R. S. 1943, is vague, then it seems to me that the same is true of section 39-669.01, R. R. S. 1943, where the proscription is against driving "in such a manner as to indicate an indifferent or wanton disregard for the safety of persons or property . . . ." It would also be true of section 39-669.03, R. R. S. 1943, where the disregard must be "in such a manner as to indicate a willful disregard . . . ."

Various statutes and ordinances relating to speed limits, in addition to prohibiting driving higher than a specified number of miles per hour, also contain general provisions making it unlawful to drive at a speed "greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." § 39-662 (1), R. R. S. 1943. This language is no more vague than the careless driving section and I dare say no one can determine beforehand precisely the facts which constitute a violation. No one has ever suggested that section 39-662, R. R. S. 1943, or other similar enactments are unconstitutionally vague and I predict that this court will never say so.

Third, the majority relies upon one of the myths of the law which the courts have long mouthed unthinkingly, i.e., that the statute must be sufficiently definite so persons examining it may be informed of what conduct is prohibited, or as stated in the majority opinion, so the "person can intelligently choose in advance what course it is lawful for him to pursue." Such statements are myths because the real reason for the requirement of reasonable certainty is to enable courts to determine after the fact what the lawmakers intended to prohibit and whether or not there has been a violation. Nothing is more elementary in the law than that ignorance of

a statute is no defense to a charge of its violation. Few people consult the statutes before acting, and then only in highly technical areas such as tax matters and antitrust regulations.

In the very nature of language and human understanding, some concepts, such as careless, reckless, negligent, and greater than reasonable under the circumstances, can be described only in quite general terms. I would hold the statute in question constitutional.

SPENCER, Retired Justice, joins in this dissent.