REQUESTED BY: Senator Ernest Chambers Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Chambers:
In your letter of March 19, 1982, you call our attention to the provisions of LB 869 and raise several questions. This legislation would amend Neb.Rev.Stat. § 53-180.05 (Reissue 1978) to add a new subsection (3) which if adopted would provide as is pertinent:
 Any person who knowingly manufactures, creates, or alters any form of identification for the purpose of sale or delivery of such form of identification to a person under the age of 20 years shall be guilty of. . . For purposes of this subsection, form of identification shall mean any card, paper, or legal document that may be used to establish the age of the person named thereon for the purpose of purchasing alcoholic liquors.
You first suggest that by using the words `Any person' this prohibition would apply to anyone no matter how young and ask if we agree with this observation. Assuming it could be found that the young person was capable of forming the requisite criminal intent, we believe that your observation would be accurate.
You also ask whether or not this section, as written, would create a crime regardless of whether or not there was actual delivery or sale of this form of identification. We would be of the opinion that a violation of this section would occur at the time any person manufactured, created or altered any form of identification and that the elements of the crime would exist in the absence of actual sale or delivery of the document if its creation, alteration or manufacture was done for the purpose of selling or delivering such document to a minor. We note in passing that it would apparently be illegal for any person to manufacture or create any form of identification the purpose of which was to be used in conjunction with the purchase of alcoholic liquors regardless of whether or not the information contained on that document was accurate. In other words a violation of this section would not depend upon the document created containing false information.
You also ask our opinion as to whether or not this language is unconstitutionally vague or too broad. Generally speaking, a statute with forbids the doing of an act in terms so vague that men of common intelligence must necessarily guess as to its meaning and differ as to its application is violative of the constitutional due process guarantees. State v. Huffman, 202 Neb. 434,275 N.W.2d 838 (1979).
Criminal statutes are not however required to be written so as to be beyond the mere possibility of more than one construction, State v. Robinson, 202 Neb. 210,274 N.W.2d 553 (1979), nor are they invalid simply because the prohibition could have been drafted with greater precision. Statev. Briner, 198 Neb. 766, 255 N.W.2d 422 (1977). The prohibition to be upheld must be reasonably clear and definite.State v. Huffman, supra.
While it occurs to us that this prohibition could have been more carefully drafted, we do not believe that its prohibitions would be violative of due process standards as being too broad or too vague.
In raising this particular question, you suggest in passing, that other types of false identifications may be legal even if used. With this observation we disagree and draw your attention to the provisions of Neb.Rev.Stat. §53-180.01 (Reissue 1978), which makes it illegal for a minor to obtain or attempt to obtain alcoholic liquor by a misrepresentation of age, or by any other method and we suggest therefore that the actual use of a false identification, while not rendered illegal by the provisions of LB 869, are nevertheless illegal.
You also raise certain questions about the breadth of the language contained within LB 869 which provides, `For the purposes of this subsection, form of identification shall mean any card, paper, or legal document that may be used to establish the age of the person named thereon for the purpose of purchasing alcoholic liquors.' You suggest in your inquiry that the legality or illegality of the document would be left to the person to whom it is presented during the process of purchasing alcoholic liquors. While this section may prohibit the manufacture, creation or alteration of a wider range of documents than perhaps is necessary to eliminate the use by minors of false identifications, we do not believe that it is constitutionally overbroad.
Here again we note in passing that this section would render illegal, the manufacture or creation of any form of identification regardless of its accuracy, if the purpose of the manufacture or creation of this document was for the sale or delivery to a minor and if this document could be used to substantiate the age of an individual, such substantiation being necessary to the purchase of alcoholic liquors.
This amendment would appear to render illegal the manufacture or creation of any identification document reflecting age for the purpose of selling or delivering such a document to a minor even though the purchasing minor might not intend to utilize this identifying document until they had reached their majority. Here again we find no constitutional impediment to the Legislature's creating such a broad prohibition, however we question in passing whether its authors intended such broad application.
In conclusion, while we question the necessity of proscribing such a wide range of conduct, we leave that decision to the best judgment of the Legislature and are of the opinion that if this provisions is enacted, it most likely would be upheld as being constitutional.
Sincerely,
PAUL L. DOUGLAS Attorney General
Terry R. Schaaf Assistant Attorney General