REQUESTED BY: Senator Peter Hoagland 1101 State Capitol Lincoln, NE 68509
Dear Senator Hoagland:
This is in response to your inquiry concerning LB 406 concerning so-called `look-a-like' drugs.
Section 1(8) of said bill provides in part:
 Any person who knowingly or and intentionally manufactures, distributes, delivers, or possesses with intent to distribute or deliver any substance which is not a controlled substance, but which by way of representations made or by appearance, including color, texture, shape, size, packaging, or markings, would lead a reasonable person to believe that the substance is a controlled substance shall:
The language starting with `or by appearance' in the above portion of said bill immediately raises doubts as to its validity.
This is so because intentional delivery of an innocent substance which, by appearance alone, would lead a reasonable person to believe that it is a controlled substance, would be a violation of the act.
Such language could cover a perfectly innocent, albeit intentional, delivery as well as one intended to mislead.
For example, a person bringing a white powdery substance known as `coffee-mate' to work in a clear bag with intent to share with his fellow coffee drinkers could be in violation of this section if it led a reasonable observer to believe that the substance was a controlled substance. We are sure it is not the intent of the bill to punish such innocent behavior.
In State v. Huffman, 202 Neb. 434 (1979), the Supreme Court of Nebraska was construing the meaning of `any person who operates a vehicle in a manner so as to endanger or be likely to endanger any person or property shall be guilty of careless driving.'
That language is probably more definite than the language from LB 406 set forth above. Nevertheless, a majority of the court held that it was unconstitutionally vague. In discussing this language, the court stated:
 The dividing line between what is lawful and unlawful cannot be left to conjecture. State v. Adams, supra; State v. Nelson, supra. The citizen cannot be held to answer charges based upon penal statutes whose mandates are so uncertain that they will reasonably admit of different constructions. A criminal statute cannot rest upon an uncertain foundation. . . . Penal statutes prohibiting the doing of certain things and providing a punishment for their violation should not admit of such a double meaning that the citizen may act upon one conception of its requirements and the courts upon another. State, ex rel. English v. Ruback, 135 Neb. 335, 281 N.W. 607; Connally v. General Construction Co., 269 U.S. 385, 46 S. Ct. 126, 70 L.Ed. 322.
In State v. Metzger, 211 Neb. 593 (1982), the Supreme Court of Nebraska quoted from State v. Huffman and several other cases as follows:
 A statute which forbids the doing of an act in terms so vague that men of common intelligence must necessarily guess as to its meaning and differ as to its application violates the first essential elements of due process of law. Connally v. General Const. Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1925); State v. Pocras, 166 Neb. 642, 90 N.W.2d 263 (1958). It is not permissible to enact a law which in effect spreads an all-inclusive net for the feet of everybody upon the chance that, while the innocent will surely be entangled in its meshes, some wrongdoers may also be caught. State v. Adkins, 196 Neb. 76, 241 N.W.2d 655 (1976).
In light of the position of the Supreme Court of Nebraska, evidenced by the foregoing, and other recent cases, it is our opinion that the provisions of Section 1(8) of LB 406 would likely, if challenged, be ultimately held to be in violation of due process and unconstitutional.
You have also asked for guidance in developing appropriate language.
We certainly do not question your concern or the wisdom for some type of legislation in this field. As you know, the provisions of Article II, Section 1, of the Nebraska Constitution providing for three distinct departments of government prevents us from extending any authoritative guidance to you.
With the above caution, we are happy to suggest that nearly all the statutes from other jurisdictions submitted with your letter contain explanatory language enlarging upon the meaning of an `imitation controlled substance' which was not included in LB 406. For example, see, Section 1d of the Model Imitation Controlled Substances Act, subsection 19(a), (b), (c), (d), (e), (f) of Section 195.010 of the Federal Drug Regulations and Section 18-5-603 of the Colorado Criminal Code.
We are hoping this will be of assistance to you.
Very truly yours,
ROBERT M. SPIRE Attorney General
Mel Kammerlohr Assistant Attorney General