STATE of North Dakota, Plaintiff
and Appellant,

v.

Marvin HAGGE, Defendant and Appellee.

Cr. No. 452.

Supreme Court of North Dakota.

Oct. 1, 1973.

**396**

Richard B. Thomas, State's Atty., Minot, for plaintiff and appellant.

Bosard, McCutcheon, Kerian, Schmidt & Holum, Minot, for defendant and appellee.

VOGEL, Judge.

The sole issue in this case is the constitutionality of Section 39–09–01, North Dakota Century Code, which read as follows at the time of the alleged offense:

> "Any person driving a vehicle upon a highway shall drive the same in a careful and prudent manner, having due regard to the traffic, surface, and width of the highway and other conditions then existing, and shall give such warnings as are reasonably necessary for safe operation under the circumstances. No person shall drive any vehicle upon a highway in a manner to endanger the life, limb, or property of any person."

The defendant was charged with manslaughter in the first degree under Section 12–27–17, N.D.C.C., which defines one type of "manslaughter in the first degree" as homicide "perpetrated without a design to effect death by a person while engaged in the commission of a misdemeanor." The misdemeanor alleged to have been committed by the defendant is a violation of Section 39–09–01, N.D.C.C., quoted above.

The defendant filed a motion to quash, alleging that the statute is unconstitutional and void for vagueness. The trial court granted the motion to quash, finding that the statute "forbids the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning, and differ as to its application, and thus violates due process of law. The Court believes it would be difficult to properly instruct the jury as to what constitutes an offense under the above statute."

The principal cases cited by the parties on the question of constitutionality include State v. Joas, 34 N.J. 179, 168 A.2d 27 (1961), upholding a New Jersey statute; State v. Pigge, 79 Idaho 529, 322 P.2d 703 (1958), declaring an Idaho statute unconstitutional; and State v. Adams, 180 Neb. 542, 143 N.W.2d 920 (1966), declaring a Nebraska statute unconstitutional. The three statutes read as follows:

> "A person who drives a vehicle on a highway carelessly, or without due caution and circumspection, in a manner so as to endanger, or be likely to endanger, a person or property, shall be guilty of careless driving." R.S.Cum.Supp. 39:4–97 [New Jersey].

> \*   \*   \*   \*   \*   \*

> "It shall be unlawful for any person to operate a motor vehicle in a negligent manner over and along the public highways of this state. For the purpose of this section to 'operate in a negligent manner' shall be construed to mean the operation of a vehicle upon the public highways of this state in such a manner as to endanger or be likely to endanger any persons or property.

"The offense of operating a vehicle in a negligent manner shall be considered to be a lesser offense than, but included in, the offense of operating a vehicle in a reckless manner, and any person charged with operating a vehicle in a reckless manner may be convicted of the lesser offense of operating a vehicle in a negligent manner. Any person violating the provisions of this section shall be punished upon conviction in the same manner provided in Section 49–562, Idaho Code." I.C. Sec. 49–562A, 1951 S.L., c. 256, p. 555 [Idaho].

   *    *    *    *    *    *

"Any person or persons who shall operate a vehicle upon any highway in such a manner as to (1) endanger the safety of others or (2) cause immoderate wear or damage to any highway, shall be deemed guilty of a misdemeanor and shall, upon conviction thereof, be punished by a fine of not less than twenty-five dollars nor more than one hundred dollars or by imprisonment in the county jail for not more than thirty days, or by both such fine and imprisonment. It shall be held prima facie evidence that a person has operated a vehicle over a state highway in a manner to endanger the safety of others or so as to cause immoderate use or damage to a state highway, if he has operated such vehicle in a manner contrary to the duly published rules and regulations of the Department of Roads governing the use of state highways." R.R.S.1943, Sec. 39–7, 108.01 [Nebraska].

In determining the constitutional question we are guided by well-recognized rules of construction, recent statements of which we will briefly summarize.

■ There is a "well-established presumption" that every Act of the Legislature is constitutional. City of Fargo v. Fahrlander, 199 N.W.2d 30 (N.D.1972).

■ In passing on the validity of a statute we will indulge every reasonable presumption in favor of constitutionality unless the statute clearly violates some provision of the State or Federal Constitution. First American Bank & Trust Co. v. Ellwein, 198 N.W.2d 84 (N.D.1972).

■ Of two possible constructions of a statute, we will choose that one which, without doing violence to the fair meaning of a statute, will render it valid. State v. Julson, 202 N.W.2d 145 (N.D.1972).

■ Statutes are to be construed in a practical manner, and words used in a statute will be construed in their ordinary sense. City of Minot v. Knudson, 184 N. W.2d 58 (N.D.1971); Walker v. Peterson, 167 N.W.2d 151 (N.D.1969).

■ Legislative intent is to be construed from the statute as a whole. Ophaug v. Hildre, 77 N.D. 221, 42 N.W.2d 438 (1950).

■ The requirements of the due-process clauses of the State and Federal constitutions as to definiteness of criminal statutes were stated in State v. Julson, *supra,* to include a requirement that "the language, when measured by common understanding and practices, give adequate warning of the conduct proscribed and mark boundaries sufficiently distinct for judges and juries fairly to administer the law. In determining whether adequate warning is given, the court should view the statute from the standpoint of the reasonable man who might be subject to its terms." 202 N.W.2d at p. 152, quoting from 21 Am.Jur.2d Criminal Law, Sec. 17, p. 99.

Bearing in mind the rules of construction we have summarized above, we note that the challenged statute of this State differs from those held unconstitutional in Idaho and Nebraska in that our statute requires that a driver "drive [the vehicle] in a careful and prudent manner, having due regard to the traffic, surface, and width of the highway and other conditions then existing." No similar language is found in

either the Nebraska or Idaho case. In this respect our statute is more similar to the New Jersey statute, which forbids driving "carelessly, or without due caution and circumspection," in addition to the prohibition against endangering other persons or property.

It appears that the Idaho, Nebraska, and New Jersey cases can be reconciled on the basis that it is unconstitutionally vague to prohibit driving in such a manner as to endanger other persons or property, without more, but if the statute also contains a prohibition against driving carelessly, or negligently, or without due caution and circumspection, the missing element of specificity is supplied and the statute no longer is unconstitutionally vague. It is true that the Idaho statute contains the word "negligent," but that word is defined in such a way as to eliminate the usual connotation of carelessness by defining it as merely "the operation of a vehicle . . . in such a manner as to endanger or be likely to endanger any persons or property." This removes the essential element of carelessness from the definition of the term.

When we compare the three statutes from other States with the North Dakota statute, we find that our statute contains the prohibition against careless and negligent driving in that it requires driving "in a careful and prudent manner," as well as specifying certain conditions which must be taken into account. Thus our statute is not subject to the criticism of the Idaho and Nebraska statutes, which were held to cover situations in which one driving a vehicle could endanger other persons or property without any negligence, carelessness, or unlawfulness (State v. Pigge, *supra*), or "the [mere] operation of a motor vehicle" could be held to endanger the safety of others to some extent (State v. Adams, *supra*).

The distinction between the void statutes and the statutes which are not void is clearly pointed out by the Nebraska court in State v. Adams, *supra*, at page 922 of 143 N.W.2d in this language:

"In the absence of a further requirement that the operation of the vehicle be 'negligent' or 'careless' or some similar specification, we think the statute fails to prescribe an ascertainable standard of guilt."

■ We hold that the North Dakota statute prescribes an ascertainable standard of guilt by requiring that automobiles be driven "in a careful and prudent manner, having due regard to the traffic, surface, and width of the highway and other conditions then existing, . . . "

Of course, if we were to construe the last sentence of the statute alone, without reference to what precedes it, we could hold that this sentence standing alone is unconstitutional, as the Idaho and Nebraska courts have held as to similar language in their statutes. But, as we have pointed out, we must construe the statute as a whole. In so construing it, and bearing in mind the presumption of constitutionality and our duty to construe it in a way that will render it valid if possible, we hold that the last sentence is modified by what precedes it, and that it therefore includes a requirement that the driver drive in a careful and prudent manner, having due regard to existing conditions, and that the statute therefore is valid and constitutional.

We hold that a jury instructed in the language of the entire statute will be given boundaries sufficiently distinct for it to fairly administer the law, and that defendants are given adequate warning of the conduct proscribed by the statute.

Reversed and remanded.

ERICKSTAD, C. J. and KNUDSON, PAULSON and TEIGEN, JJ., concur.