STATE OF NEBRASKA, APPELLANT, V. SHERRI MERITHEW,
APPELLEE.

371 N.W.2d 110

Filed July 26, 1985.   No. 84-877.

Steven A. Russell, Deputy Hall County Attorney, for
appellant.

John A. Wagoner of Wagoner Law Office, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE,
SHANAHAN, and GRANT, JJ.

HASTINGS, J.

This is a proceeding by the State under the provisions of Neb.
Rev. Stat. § 29-2315.01 (Cum. Supp. 1984). It seeks to review
the ruling by the county court, and affirmed by the district
court, which dismissed, on pretrial motion, the complaint filed
against the defendant for careless driving. Such act is made
unlawful by Neb. Rev. Stat. § 39-669 (Reissue 1984), but
defendant claimed that section is unconstitutionally vague.

Section 39-669 reads as follows: "Any person who drives any
motor vehicle in this state carelessly or without due caution so
as to endanger a person or property shall be guilty of careless
driving." Defendant was charged by complaint with "on the 24
day of June 1984 [at] 10:30 PM . . . at or near . . . South Locust

and Stolley Park Rd. Located in the County of Hall . . . did unlawfully commit the following offense: . . . Careless Driving."

Defendant also contends that the failure of § 39-669 to limit the proscription as to careless driving to the public roads amounts to impermissible overbreadth and resultant unconstitutionality. Neb. Rev. Stat. § 39-603(1) (Reissue 1984) provides in part that "the provisions relative to careless driving . . . shall apply upon highways and anywhere throughout the state."

In a facial challenge to the overbreadth and vagueness of a law, if we can determine that the prohibition contained in the enactment does not reach a substantial amount of constitutionally protected conduct, then the overbreadth challenge must fail. *State v. Groves*, 219 Neb. 382, 363 N.W.2d 507 (1985). Defendant has cited to us no case which holds that driving in a careless manner is in any way protected conduct under either the Constitution of the United States or the Constitution of Nebraska, nor has our independent research disclosed any such authority. The answer must be that none exists, and the overbreadth argument must be rejected.

Defendant next argues both that the statute is vague as applied to the facts of this case and vague in general. References are made to the facts of this case. We must dispose of that argument summarily by pointing out that nowhere in the record do the facts of this case appear. This case was decided on a motion to dismiss.

As to the general claim of vagueness, defendant places heavy reliance on *State v. Huffman*, 202 Neb. 434, 275 N.W.2d 838 (1979). In that case the predecessor to the present § 39-669 was declared unconstitutional. The section read at that time: "Any person who operates a vehicle in a manner so as to endanger or be likely to endanger any person or property shall be guilty of careless driving." § 39-669 (Reissue 1978). This court in its opinion emphasized "or be likely to endanger."

After concluding that this was a criminal prosecution which requires that the criminal statute must be reasonably clear and definite, setting standards that are not so uncertain as to be left to conjecture, we concluded that the language here did not meet

those standards. We stated:

> If, in fact, as we said in State v. Adams, [180 Neb. 542, 143 N.W.2d 920 (1966)], men of common intelligence cannot ascertain in advance when they are operating a motor vehicle in a manner so as to *endanger* any person or property, all the more must it be said that it would be difficult or at least open to sufficient conjecture as to when one was operating a motor vehicle "in a manner so as to * * * *be likely* to endanger any person or property * * * * " (Emphasis supplied.)

202 Neb. at 436, 275 N.W.2d at 840.

Focusing on the phrase "likely to endanger any person or property," it is readily apparent that *Huffman* is easily distinguished from the instant case.

The State points to *State v. Adams*, 180 Neb. 542, 143 N.W.2d 920 (1966), upon which *Huffman* was based. In *Adams* we cited a New Jersey case, *State v. Joas*, 34 N.J. 179, 168 A.2d 27 (1961), in which a statute was approved which involved a prohibition upon driving a vehicle upon a highway carelessly or without due caution and circumspection in a manner so as to endanger a person or property. We said:

> The New Jersey statute included an element of careless or negligent operation which is absent from section 39-7,108.01, R.R.S. 1943. In the absence of a further requirement that the operation of the vehicle be "negligent" or "careless" or some similar specification, we think the statute fails to prescribe an ascertainable standard of guilt.

180 Neb. at 545, 143 N.W.2d at 922-23.

In *State v. Mattan*, 207 Neb. 679, 300 N.W.2d 810 (1981), we rejected an argument of vagueness directed at Neb. Rev. Stat. § 39-644 (Reissue 1978), which required that "every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway . . . ." In doing so we said:

> The ultimate fact here was the failure to exercise due care. The evidence was sufficient to support a finding beyond a reasonable doubt that the defendant failed to maintain a proper lookout. The failure to maintain a proper lookout was a failure to exercise due care. . . .

. . . .

The definition of an act forbidden by statute, but not defined by it, may be ascertained by reference to the common law. [Citations omitted.] Due care is a well-understood term meaning the absence of negligence. 207 Neb. at 682, 684, 300 N.W.2d at 812-13.

By the same token, due caution is defined in Webster's Third New International Dictionary, Unabridged 356 (1968) as "heedful prudent forethought to minimize risk or danger: provident care about the results of an action or course: careful avoidance of undue risk," the absence of which we find nearly synonymous with the common-law definition of negligence.

A similar North Dakota statute was held constitutional in *State v. Hagge*, 211 N.W.2d 395 (N.D. 1973). That section in pertinent part reads as follows: "Any person driving a vehicle upon a highway shall drive the same in a careful and prudent manner . . . . No person shall drive any vehicle upon a highway in a manner to endanger the life, limb, or property of any person." *Id*. at 396. The North Dakota court distinguished *State v. Adams, supra*, by pointing out that the North Dakota statute, contrary to that in Nebraska (which proscribed driving in a manner so as to endanger the safety of others), "requires that a driver 'drive [the vehicle] in a careful and prudent manner . . . .' " 211 N.W.2d at 397.

The words "carelessly or without due caution" are synonymous with "negligently or without due care," and as such are not unconstitutionally vague.

The exception is sustained and the cause remanded to the district court with direction to that court to remand to the county court for further proceedings.

EXCEPTION SUSTAINED, AND CAUSE REMANDED
FOR FURTHER PROCEEDINGS.

WHITE, J., concurs in the result.

KRIVOSHA, C.J., concurring.

I concur in the result reached by the majority in this case in that I agree that Neb. Rev. Stat. § 39-669 (Reissue 1984) is not unconstitutionally vague. I reach that conclusion because the statute provides that one is guilty of careless driving only if he or she drives carelessly or without due caution so as to endanger a

person or property. I believe that the requirement that the driving be so careless as to endanger a person or property makes the elements of the crime sufficiently clear so as to overcome the attack for vagueness.

I cannot, however, agree with all of the language of the majority, and for that reason I must concur in the result. This particular case is the completion of a trilogy which began with *State v. Frey*, 218 Neb. 558, 357 N.W.2d 216 (1984), and *State v. Groves*, 219 Neb. 382, 363 N.W.2d 507 (1985). I suggest that if one attempts to lay those three decisions side by side and arrive at any clear understanding of how and under what conditions a statute may be constitutionally attacked, one will find such task impossible.

*Frey* was a case in which the information was dismissed before any evidence was adduced. In *Frey, supra* at 561-62, 357 N.W.2d at 219, we said:

> In order to have standing to challenge a vague statute, one must not have engaged in conduct which is clearly proscribed by the statute, and cannot complain of the vagueness of the law as applied to the conduct of others. We should therefore examine Frey's conduct before analyzing other hypothetical applications of the law. . . .
>
> . . . .
>
> The difficulty with completing the second step in the constitutional analysis, determining whether § 28-708 is impermissibly vague, is that the record is devoid of any facts which would tell us whether Frey's conduct was clearly proscribed by the statute. Consequently, we are unable to determine whether Frey has standing to attack the constitutionality of § 28-708.

We, therefore, remanded the cause for further proceedings on the merits.

In *Groves, supra*, we were presented with a situation in which the defendant was tried and convicted of violating a city ordinance and, as part of his appeal, argued that the ordinance was unconstitutional. In rejecting Groves' right to raise that issue, we held that because Groves' conduct clearly came within the conduct prohibited by the ordinance, he lacked standing to test the constitutionality of the ordinance for vagueness.

Finally, in *Merithew*, in which there are no facts, we proceed to determine whether the statute is vague in general, although we make note in passing that we cannot decide whether it is vague as applied to Merithew. Why *Merithew* is treated differently than *Frey* is difficult to discern from a mere reading of the opinions.

What I believe all of this points up is that what we created in *Frey* was wrong, and we should quickly overrule *Frey* and *Groves* and once again return to what I perceive was the rule in this jurisdiction—that anyone may challenge the constitutionality of a statute which he or she maintains is unconstitutional because it is vague.