**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Gary Lee JOHNSON, a/k/a Sam Johnson, Defendant and Appellant.**

**Cr. No. 870097.**

Supreme Court of North Dakota.

Dec. 29, 1987.

Michael C. O'Neel, Fargo, for defendant and appellant.

John Tainter Goff, Asst. State's Atty., Fargo, for plaintiff and appellee.

GIERKE, Justice.

Gary Lee Johnson (Johnson) appeals from a jury verdict convicting him of possession of explosives, a class C felony, in violation of Section 62.1–02–11, N.D.C.C. We affirm.

On September 16, 1986, there was an explosion in Johnson's South Fargo apartment. Johnson was taken to Dakota Hospital by F–M Ambulance. Johnson was suffering from a cut on his shoulder, a burn on his arm, an injury to two fingers, blown-out eardrums and a lacerated right eye.

The Fargo Fire Department responded to the blast. After it was determined that the fire was the result of an explosion, the

Fargo Fire Department requested the assistance of the Fargo Police Department Bomb Squad. Police officers obtained a search warrant and seized several materials from Johnson's apartment.[1] These materials were subsequently sent to the Department of Treasury, Bureau of Alcohol, Tobacco and Firearms, Forensic Science Laboratory for analysis. Thereafter, the results of the laboratory analysis were reviewed by an explosives enforcement officer of the Explosives Technology Branch.

Johnson was arrested and charged with possession of explosives in violation of Section 62.1–02–11 of the North Dakota Century Code.

On October 28, 1986, Johnson filed a motion to suppress an allegedly incriminating statement contending that the statement was made in violation of his Sixth Amendment right to counsel. A motion to dismiss the charge against him on the basis that the statute under which he is charged, Section 62.1–02–11, N.D.C.C., is unconstitutionally vague, overbroad and is inapplicable to the possession of low-explosive fireworks was also filed at this time.

On November 19, 1986, an evidentiary hearing was held on these motions. Following this hearing a decision was rendered on December 4, 1986, granting the motion to suppress all statements made by Johnson after being advised of his Miranda rights and after requesting the presence of counsel. It was further ordered on December 12, 1986, that Johnson's motion to dismiss be denied. A jury trial was held on January 27–30, 1987.

At trial, Johnson testified that he was making fireworks for his own aesthetic pleasure. Johnson further testified that he was making firecrackers which he called M–80s. These firecrackers consisted of fused cylinders of hollow craft paper which varied in diameter and length.[2] Johnson stated that at the time of the explosion he was grinding potassium nitrate, charcoal, sulfur and copper sulfate with a mortar and pestle. Johnson inadvertently failed to keep the ingredients damp and the friction created between the ingredients and the mortar and pestle caused the materials to explode. The explosion threw off sparks onto a nearby box which caught fire. The box which contained saltpeter, potassium nitrate and an oxidizing agent burned rapidly and caused a flash burn up the wall of the apartment.

There was also testimony at trial from Willard Washington, a forensic chemist of the Bureau of Alcohol, Tobacco and Firearms. Mr. Washington testified that in the materials sent to the laboratory he discovered the presence of nitrates and nitrites which are oxidizers, as well as the presence of fine grade aluminum metal powder which is a common fuel found in incendiary and explosive mixtures. Mr. Washington further testified that such materials could produce an explosion as powerful as dynamite.

On January 30, 1987, the jury returned a verdict finding Johnson guilty of possession of explosives in violation of Section 62.1–02–11 of the North Dakota Century Code. On March 16, 1987, judgment was entered and Johnson was sentenced to one year in the State Penitentiary with the entire sentence suspended and supervised probation for one year. This appeal followed.

---

1. The following is a list of materials found at Johnson's apartment: 28 empty fused cylinders of varied sizes, an empty bottle of potassium nitrate, residue from the base of a burned area, residue from a wall, aluminum metal powder, sulfur powder, one plastic container labeled "gun powder" containing black powder propellant, one plastic container labelled "explosives" containing calcium sulfate, a piece of burned paper with printing "one lb. potassium perchlorate", two plastic containers containing calcium sulfate and calcium carbonate, a burned or melted piece of plastic, a written diagram described as anti-personnel device, several articles from books on pyrotechnics and explosives, and several books regarding chemistry and explosives.

2. The craft paper tubing was the casing of the M–80 firecrackers. These cylinders had an inside diameter of approximately one-half inch and an inside length ranging from one inch to one and one-half inches. Bored into the side of these tubes and held there with glue were hobby fuses.

Johnson raises three issues on appeal. Initially, Johnson contends that the statute under which he was convicted, Section 62.1-02-11 of the North Dakota Century Code, is unconstitutionally vague. Next, Johnson asserts that Section 62.1-02-11 of the North Dakota Century Code is inapplicable to the materials which he possessed. Finally, Johnson contends that the trial court erred in refusing to give certain jury instructions requested by Johnson.

Johnson asserts that the statute under which he was convicted, Section 62.1-02-11 of the North Dakota Century Code, is unconstitutionally vague. Johnson argues that the meaning of Section 62.1-02-11 is not fairly ascertainable and that the statute allows too much discretion in its application.

The due process clauses of the State and Federal Constitutions require definiteness of criminal statutes so that the language, when measured by common understanding and practice, gives adequate warning of the conduct proscribed and marks boundaries sufficiently distinct for judges and juries to fairly administer the law. *Olson v. City of West Fargo*, 305 N.W.2d 821, 828 (N.D.1981); *State v. Woodworth*, 234 N.W.2d 243, 245 (N.D.1975).

The vagueness doctrine was stated by the United States Supreme Court in *Kolender v. Lawson*, 461 U.S. 352, 357–358, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903, 909 (1983), as follows:

"As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."

Accordingly, the vagueness doctrine has two requirements: (1) that the statute provide adequate warning as to the conduct proscribed, and (2) that the statute establish minimal guidelines to govern law enforcement. *Kolender v. Lawson, supra; State v. Woodworth, supra; State v.*

*Hagge*, 211 N.W.2d 395, 397 (N.D.1973); *see also* 21 Am.Jur.2d *Criminal Law* § 17.

In the instant case, Johnson was convicted of possession of explosives in violation of Section 62.1-02-11 of the North Dakota Century Code which provides:

"Possessing explosives prohibited—Exception—Penalty. No person may have in custody, possession, or control, any nitroglycerin, dynamite, or any other dangerous or violent explosive unless the explosive is carried in the prosecution of or to affect a lawful and legitimate purpose. Any person violating this section is guilty of a class C felony."

Johnson claims that Section 62.1-02-11 of the North Dakota Century Code does not give adequate warning of the conduct proscribed and also that the statute provides no guidelines to govern law enforcement. Johnson contends that he had no notice that his possession of certain material was in violation of Section 62.1-02-11. Further, Johnson contends that law enforcement personnel had complete and arbitrary discretion in determining what constitutes a violation under Section 62.1-02-11.

In *State v. Woodworth, supra,* this Court stated that "[t]he test of definitiveness of a statute is met if the meaning of the statute is fairly ascertainable by reference to similar statutes or to the dictionary, or if the questioned words have a common and generally accepted meaning." Furthermore, in determining whether the meaning of the statute is fairly ascertainable or adequate warning is given, this Court must view the statute from the standpoint of the reasonable man who might be subject to its terms. *State v. Woodworth, supra; State v. Hagge, supra.*

Section 62.1-02-11, which prohibits the possession of explosives, is reasonably clear and definite such that it sufficiently sets forth the conduct proscribed. Also, the statute contains language which limits its application to the possession of any "dangerous or violent" substance which might explode.

Accordingly, we do not believe that Section 62.1-02-11, the possession of explo-

sives statute, is so vague that a person of ordinary intelligence must necessarily guess at its meaning. Also, we do not believe that the possession of explosives statute is so vague and standardless that it leaves the judges and jurors free to decide what is or is not prohibited by the statute in each particular case. Therefore, we conclude that Section 62.1–02–11 satisfies the requirements of "due process".

■ Johnson's next contention is that he did not possess an explosive within the meaning of Section 62.1–02–11 of the North Dakota Century Code. Johnson claims that a clear reading of the statute does not dictate the inclusion of the materials which he possessed as dangerous or violent explosives.

■ Words and phrases used in any statute are to be understood in their ordinary sense, but any words or phrases explained or defined by statute must be construed as thus explained or defined. Sections 1–02–02, and 1–02–03, N.D.C.C. Thus, the meaning of Section 62.1–02–11 which prohibits the possession of explosives may be understood by reference to similar statutes.

The term "explosives" is not defined in Title 62.1 of the North Dakota Century Code. However, explosives are defined in Title 12.1 of the North Dakota Century Code.[3] Section 12.1–01–04(8) defines explosives as follows:

"'Explosive' means gunpowders, powders used for blasting, all forms of high explosives, blasting materials, fuses (other than electric circuit breakers), detonators and other detonating agents, smokeless powders, and any chemical compounds, mechanical mixture, or other ingredients in such proportions, quantities, or packing that ignition by fire, by friction, by concussion, by percussion, or by detonation of the compound, or material, or any part thereof may cause an explosion."

Thus, the general definition of the term "explosives" as contained in Title 12.1 should be applied to ascertain the meaning of the term "explosives" in Section 62.1–02–11 since there is no definition provided in Title 62.1.

Furthermore, the materials seized from Johnson were analyzed by Mr. Washington, a forensic chemist with the Department of Treasury, Bureau of Alcohol, Tobacco and Firearms. Mr. Washington testified at trial that depending upon the mixture it would be possible to create from the materials seized an explosion as powerful as dynamite.

After reviewing the expert testimony and applying the definition as set forth in Title 12.1, we believe that the materials that Johnson possessed are included within the term "explosive" as used in Section 62.1–02–11. Therefore, we conclude that Johnson was properly charged under Section 62.1–02–11 of the North Dakota Century Code.

Finally, Johnson argues that the trial court erred in refusing to give two jury instructions which were specifically requested.

■ Rule 30 of the North Dakota Rules of Criminal Procedure provides that it is the duty of the court to instruct the jury upon questions of law applicable to the case. Also, attorneys may request specific instructions on points of law in order that the jury may be fully informed as to the law governing the case. Rule 30(b), N.D.R. Crim.P.; *see also State v. Kraft*, 413 N.W. 2d 303, 306 (N.D.1987).

In the instant case, Johnson requested the trial court to give the following jury instructions:

"In determining what is a lawful and legitimate purpose, you should consider, in addition to all the other relevant facts, that an explosive is not a dangerous or violent explosive merely because it is an explosive."

"If you find that the materials the Defendant possessed were in explosive form, you must find that the explosive form was a dangerous or violent form on

**3.** Title 12.1 is entitled "Criminal Code." The purpose of Title 12.1 is to establish a system of prohibitions, penalties and correctional measures.

the explosive level of nitroglycerin or dynamite."

The trial court refused to give these instructions to the jury. However, the trial court did instruct the jury as to the essential elements of the offense of possession of explosives as follows:

"The Defendant in this case has been charged with violations of the provisions of Section 62.1–02–11 of the North Dakota Century Code. That section of the code, so far as material to this case, reads as follows:

" 'No person may have in custody, possession, or control any nitroglycerin, dynamite, or any other dangerous or violent explosive unless the explosive is carried in the prosecution of or to affect a lawful and legitimate purpose.'

"The burden of proof resting upon the State is satisfied only if the evidence shows, beyond a reasonable doubt, the following essential elements of the offense charged:

"1. That on or about the 16th day of September, 1986, in Cass County, the defendant, Gary Lee Johnson, a/k/a Sam Johnson, had in his custody, possession, or control a dangerous or violent explosive;

"2. That said explosive was not carried in the prosecution of or to affect a lawful and legitimate purpose."

In *State v. Huwe*, 413 N.W.2d 350, 353 (N.D.1987), we stated that:

"It is well-settled that if the instructions to the jury, when considered in their entirety, correctly advise the jury as to the applicable law, there is no error even though the trial court refused to submit a requested instruction which itself was a correct statement of the law. *State v. Ferguson*, 391 N.W.2d 172, 176 (N.D.1986); *see also State v. Marcovitz*, 63 N.D. 458, 248 N.W. 481, 487 (1933) ['A requested charge need not be given if it is fully covered in the general charge.']"

We believe the instructions given in this case adequately apprise the jury as to the applicable law. Accordingly, we find no reversible error in the trial court's refusal to give Johnson's requested instructions.

For the reasons stated in this opinion, the judgment of conviction is affirmed.

ERICKSTAD, C.J., and MESCHKE, LEVINE and VANDE WALLE, JJ., concur.