IN RE ESTATE OF RUBIE MCCLOW, DECEASED.
WALLACE G. REED, APPELLEE, V. DALLAS I. MCCLOW,
PERSONAL REPRESENTATIVE, APPELLANT.

290 N. W. 2d 186

Filed March 18, 1980.   No. 42600.

Bernard L. Packett, for appellant.

Thomas E. Brogan of Brogan & Stafford, P.C., for appellee.

Heard before BOSLAUGH, MCCOWN, CLINTON, and WHITE, JJ., and MARTIN, District Judge.

CLINTON, J.

Dallas I. McClow, personal representative of the estate of Rubie McClow, has appealed from an order of the District Court for Madison County, Nebraska, finding that Wallace G. Reed and Glenda K. List, children of the deceased, were entitled to receive the unpaid balance owing under a contract for the sale of real estate entered into by the decedent during her lifetime.  The specific real estate, an 80-acre tract of land in Madison County, Nebraska, had been

devised by the testator to the appellees by a codicil to her will executed July 1, 1969. On November 20, 1974, she sold the land under an installment contract for the sum of $42,000. She died on January 25, 1977, at which time the unpaid principal balance on the contract was $19,800.

The personal representative claimed that the unpaid balance and accrued interest are assets of the estate, contending, among other things, that under the common law doctrine of ademption the sale of the real estate constituted a revocation of the specific devise. The appellee takes the position in this court that the common law doctrine has been modified by section 30-2346, R. R. S. 1943, which provides for nonademption as to the unpaid contract balance. The appellant argues that the statute does not apply because it pertains only to sales by a guardian or conservator, taking in eminent domain, and loss by casualty, and not to sales by the testator.

The term ademption has two meanings. It is most commonly used to describe the act by which a devise or bequest of specific property becomes inoperative by the sale or extinction of the property during the testator's lifetime. Baacke v. Baacke, 50 Neb. 18, 21, 69 N. W. 303 (1896); In re Estate of Bose, 136 Neb. 156, 177, 285 N. W. 319 (1939); Austin v. Austin, 147 Neb. 109, 22 N. W. 2d 560 (1946); 96 C. J. S., Wills, §§ 1172 et seq., p. 985. In its second meaning, the term includes the satisfaction of the devise or bequest by money payment, or by delivery or conveyance of the real or personal property to the beneficiary by the testator before his death. Austin v. Austin, *supra*; 96 C. J. S., Wills, § 1178, p. 1005.

The common law doctrine that ademption results where there has been a sale of the specific property by the testator before the will becomes operative appears to be the rule in Nebraska except as it may have been modified by statute. Baacke v. Baacke, *supra*; In re Estate of Bose, *supra*.

The ademption doctrine has been modified by the Nebraska Probate Code by its adoption of certain rules of construction which provide for nonademption in some cases. § 30-2345, R. R. S. 1943 (changes in devised securities); § 30-2346, R. R. S. 1943 (in case of sales; eminent domain proceedings; sales by guardian or conservator, etc.); § 30-2350, R. R. S. 1943 (ademption by satisfaction).

We have concluded that section 30-2346, R. R. S. 1943, includes the type of case before us. The appellant, however, says: "It seems very clear that the events in subsections (a) and (b) are relevant only if the testator was under a conservatorship or guardianship." The appellee responds: "It is obvious that this is not true or there would have been no point to having two subsections." Neither party, however, has attempted to analyze the statute. Nor has either party cited case authority. Perhaps there is none. Our independent research has disclosed no case construing the statute.

We have, in fact, an ambiguous statute which the drafters of the Uniform Probate Code, from which the statute was taken, might well rewrite for clarity's sake. We quote section 30-2346, R. R. S. 1943, in full so that the reader will note that what is said to be obvious is not. "(a) If specifically devised property is sold by a conservator or guardian, or if a condemnation award or insurance proceeds are paid to a conservator or guardian as a result of condemnation, fire, or casualty, the specific devisee has the right to a general pecuniary devise equal to the net sale price, the condemnation award, or the insurance proceeds. This subsection does not apply if, subsequent to the sale, condemnation, or casualty, it is adjudicated that the disability of the testator has ceased and the testator survives the adjudication by one year. The right of the specific devisee under this subsection is reduced by any right he has under subsection (b).

"(b) A specific devisee has the right to the remaining specifically devised property and:

"(1) any balance of the purchase price (together with any security interest) owing from a purchaser to the testator at death by reason of sale of the property;

"(2) any amount of a condemnation award for the taking of the property unpaid at death;

"(3) any proceeds unpaid at death on fire or casualty insurance on the property; and

"(4) property owned by testator at his death as a result of foreclosure, or obtained in lieu of foreclosure, of the security for a specifically devised obligation."

The meaning of subsection (a) of the statute is reasonably clear. Ademption does not take place where the specifically devised property is sold by a guardian or conservator, or if the proceeds of a condemnation or fire insurance or from other casualty loss are paid to such representative. Taking the language pertaining to the latter two contingencies literally, it would not seem to make any difference whether the condemnation or casualty loss occurred before the conservatorship or guardianship came into existence. The only requirement is that the proceeds have been paid to the representative. In the case of a sale, the devisee gets a pecuniary bequest in lieu of the specific devise. In the other instances, he receives the proceeds. However, in each contingency, if the testator's disability is removed and he survives 1 year thereafter, then common law ademption takes place as though there were no statute. One ambiguity in this section, however, results from the apparent equating of the existence of a conservatorship and the existence of testamentary disability. Such is not necessarily the case. §§ 30-2601 et seq., R. R. S. 1943; § 30-2630 (2), R. R. S. 1943; § 30-2326, R. R. S. 1943.

However, the provision of section 30-2346, R. R. S. 1943, which gives rise to the ambiguity which con-

fronts us here is the last sentence of subsection (a), which reads: "The right of the specific devisee under this subsection is reduced by any right he has under subsection (b)." Although not expressly stated, subsection (b) (1) apparently contemplates the situation where the testator has, during his lifetime, sold all or a portion of the specifically devised property.

Ambiguity results because the circumstances under which there could be a right under subsection (b) at the same time the contingencies described in subsection (a) exist is not readily apparent. The representative and the testator obviously cannot have sold the identical property, so there should be no reduction by reason of a sale by the testator in his lifetime. The provision for a reduction for something received under subsection (b), e.g., in a case where a representative had sold a part of a specifically devised tract of land, would not seem to be a situation intended to be covered, for at common law a sale of a portion of the devised tract works ademption only pro tanto. Baacke v. Baacke, *supra*. Neither would it seem to apply where a representative and a testator had sold different parts of a specifically devised tract, for this would result in the anomaly of nonademption only where a sale by the testator is followed by a sale by a representative. There would seem to be no purpose in providing for nonademption in such a coincidence and not in all cases of a sale by the testator of the specifically devised property.

Subsections (b) (2) and (3), pertaining to condemnation awards and insurance proceeds unpaid at the death of the testator, ought not result in a reduction of the amounts which the devisee would receive from amounts paid to a conservator or guardian before death because this would result in negating the statutory purpose. For example, if a conservator or guardian received one-half of the casualty

loss before the death of the testator and the other half is paid after death to the executor, offsetting one against the other (reduction) would result in no payment to the devisee at all.

It should be noted in passing that the term devise, as used in the Uniform Probate Code, includes disposition of both real and personal property by will. § 30-2209 (7), R. R. S. 1943.

In construing a statute, this court will presume that the Legislature intended a sensible rather than an absurd result. State v. Goham, 191 Neb. 639, 216 N. W. 2d 869 (1974).

Although research has disclosed no cases interpreting this statute, our search has disclosed that others have apparently recognized the principal ambiguity. The drafter, in 1975, recommended that the propositions of subsections (a) and (b) be reversed. A comment to section 2-608 of the Uniform Probate Code is enlightening on this point. "In 1975, the Joint Editorial Board recommended a re-ordering of the title of this section and a reversal of the original order of the subsections. This recommendation was designed to correct an unintended interpretation of the section to the effect that all of the events described in subsections (a) and (b) had relevance only when the testator was under a conservatorship. The original intent of the section, made more apparent by this re-ordering, was to prevent ademption in all cases involving sale, condemnation or destruction of specifically devised assets where testator's death occurred before the proceeds of the sale, condemnation or any insurance, had been paid to the testator." 8 U. L. A. Estate, Probate & Related Laws (1980 Supp., p. 125). See, also, Wellman, 1 Uniform Probate Code Practice Manual, p. 163, where Professor Wellman indicates, without discussion of ambiguities, his understanding that subsections (a) and (b) cover different stituations.

We hold that, under the provisions of subsection

(b) (1) of section 30-2346, R. R. S. 1943, where a testator has, during his lifetime, sold specifically devised property and at his death an unpaid balance remains owing to him on that sale, the beneficiary of the specific bequest is entitled to receive the unpaid balance. Ademption results only as to the part of the sales price received by the testator in his lifetime.

AFFIRMED.