STATE OF NEBRASKA, APPELLANT, V.
CLAYTON KOCK, APPELLEE.

300 N.W.2d 824

Filed January 16, 1981. No. 43498.

Paul L. Douglas, Attorney General, Patrick T. O'Brien, and John G. Tomek, Butler County Attorney, for appellant.

Richard L. Kuhlman for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

On September 13, 1979, the State of Nebraska filed a multicount complaint against Clayton Kock charging him with having violated the provisions of Neb. Rev. Stat. § 28-611(1) (Reissue 1979), which reads as follows: "(1) Whoever obtains property, services, or present value of any kind by issuing or passing a check or similar signed order for the payment of money, knowing that he has no account with the drawee at the time the check or order is issued, or, if he has such an account, knowing that he does not have sufficient funds in, or credit with, the drawee for the payment of such check or order in full upon its presentation, commits the offense of issuing a bad check." The degree of the offense varies, depending upon the amount of the check or order written. The county court found probable cause and bound the appellee over to stand trial in the District Court. Appellee then filed a motion to quash, contending that the offense charged violated various provisions of the Nebraska Constitution; and in particular, Neb. Const. art. I, § 20, which provides: "No person shall be imprisoned for debt in any civil action on mesne or final process, unless in cases of fraud."

Following hearing, the trial court sustained the motion to quash, finding that in its present form the

"bad-check statute" allows for the imprisonment for debt without the element of fraud or fraudulent intent, contrary to art. I, § 20. The State filed an application for leave to docket error proceedings pursuant to Neb. Rev. Stat. §§ 29-2315.01 and 2319(3) (Reissue 1979), which application was granted by this court. We have now reviewed the matter and conclude that the trial court was in error in finding that the provisions of § 28-611(1) violate art. I, § 20. Pursuant to the provisions of Neb. Rev. Stat. § 29-2316, we declare that the provisions of § 28-611(1) do not violate art. I, § 20.

The trial court was correct insofar as it determined that for a statute such as § 28-611(1) to withstand a constitutional attack, an intent to defraud must be an element of the crime. In *White v. State*, 135 Neb. 154, 280 N.W. 433 (1938), we had occasion to examine Neb. Rev. Stat. § 28-1212 (Reissue 1975), the forerunner of the present statute under question. Section 28-1212 specifically provided, in part, as follows: "Any person who, *with intent to defraud*, shall make or draw, utter or deliver any check, draft, assignment of funds, or order for the payment of money upon any bank, cooperative credit association, or other depository knowing, at the time of such making, drawing, uttering, or delivering, that the maker or drawer has no account or deposit in such bank, cooperative credit association, or depository, upon conviction thereof, shall be punished as follows: . . . ." (Emphasis supplied.) It was argued that the above statute violated art. I, § 20. In holding that such was not the case, this court, in *White, supra* at 158, 280 N.W. at 435, said: "The principal ingredient of the offense is the intent to defraud."

In rejecting the claim that the criminal act sought to imprison was one for debt, we further said in *White:* "Inasmuch as an intent to defraud must be shown in this action if the defendant is to be found guilty, the provision of the above act we believe is sufficient to preclude the contention that the provision of the Con-

stitution, above quoted, has been violated." *Id.* at 159, 280 N.W. at 436. The question which we, therefore, must now determine is whether or not the provisions of § 28-611(1) require, as one of its essential elements, a fraudulent intent. Before proceeding to analyze that fact it would be beneficial to review the rules of construction under which such an examination must be conducted. We have frequently held that when the Legislature subsequently enacts legislation making related preexisting laws applicable thereto, it would be presumed that it did so with full knowledge of such preexisting legislation and judicial decisions of the Supreme Court construing and applying it. See, *Sidney Education Assn. v. School Dist. of Sidney,* 189 Neb. 540, 203 N.W.2d 762 (1973); *Airport Authority of City of Millard v. City of Omaha,* 185 Neb. 623, 177 N.W.2d 603 (1970); *Lang v. Sanitary District,* 160 Neb. 754, 71 N.W.2d 608 (1955). We must, therefore, presume that in enacting § 28-611(1) the Legislature was mindful of our decision in *White v. State, supra,* and acted accordingly.

Likewise, we have said that an interpretation which gives effect to a statute will be chosen over one which defeats the statute, and an interpretation which gives effect to the entire language of the statute will be selected as against one which does not. *City of Seward v. Gruntorad,* 158 Neb. 143, 62 N.W.2d 537 (1954).

The trial court reached its conclusion based upon the fact that the former statute, § 28-1212, specifically contained the words "with intent to defraud," while the current statute, § 28-611(1), has no such specific language. We do not think that that difference is significant when all of § 28-611(1) is read in its entirety. The mere drawing of a check is not sufficient to constitute a violation of § 28-611(1). For one to be guilty of the crime as charged, certain elements must be proven. They are: (1) That the individual issued or passed a check or similar signed order for the

payment of money, knowing that he had no account, or, if he had an account, knowing that he did not have sufficient funds in, or credit with, the drawee for the payment of said check or order upon presentment; and (2) That in return for the check, the maker of the check obtained property, services, or present value of any kind. That is to say, one of the key elements of this particular crime is that someone parted with goods, services, or present value of any kind as a result of, and in reliance upon, a check or order given by the maker which could not be honored when presented for payment. In our view, the act constituting the second necessary element is descriptive of an intent to defraud and sufficiently satisfies the constitutional requirement. In *Gillan v. Equitable Life Assurance Society*, 143 Neb. 647, 653, 10 N.W.2d 693, 697 (1943), we had occasion to define fraud, saying: "Fraud has been defined as follows:

. . . .

"'Deception practiced in order to induce another to part with property or surrender some legal right . . . .'" Likewise, Black's Law Dictionary defines fraud as "[a]n intentional perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right." Black's Law Dictionary 594 (5th ed. 1979). Section 28-611(1) contains the element of fraud by its very definition and, therefore, is not in violation of art. I, § 20.

The intention of the Legislature to include the element of fraud by description becomes even more apparent when one compares § 28-611(1) with the Model Penal Code from which the section was, in part, taken. It is the difference between the Nebraska statute and the Model Penal Code which makes it clear that the Legislature of the State of Nebraska intended to include intent to defraud when enacting § 28-611(1). The model code simply provides: "A person who issues or passes a check or similar sight order for the pay-

ment of money, knowing that it will not be honored by the drawee, commits a misdemeanor." ALI Model Penal Code and Commentaries, Part II, § 224.5 (1980). The difference between the Model Penal Code and the Nebraska statute is immediately apparent. The Legislature, apparently recognizing that the language of the Model Penal Code might be in violation of art. I, § 20, modified the Model Penal Code to include the words "[w]hoever obtains property, services, or present value of any kind by issuing or passing a check or similar signed order. . . ." That distinction makes a significant difference. For that reason, we hold that the language of § 28-611(1) requires a finding of intent to defraud by obtaining property, services, or present value of any kind and does not, therefore, violate the provisions of art. I, § 20. We are not called upon to, nor do we, consider any other portion of § 28-611 except subsection

The judgment is reversed.

REVERSED.