REQUESTED BY: Senator Peter Hoagland Nebraska State Legislature State Capitol, Room 1101 Lincoln, NE 68509
Dear Senator Hoagland:
You have referred to us a copy of LB 226 which amends Neb.Rev.Stat. § 28-611 (Reissue 1979). You have also provided a transcript of the committee hearing in regard to LB 226. The question you ask is whether or not the proposed bill is required in order for prosecutions to be commenced against persons who issue insufficient or no account checks for payments on credit accounts.
As the testimony before the committee indicated, 28-611
at the current time has two major sections regarding acts made criminal. Section one makes it a crime for one to issue a check or a signed order for the payment of money knowing that there is no account or that there is insufficient funds or credit for the payment of such check or order when one receives present value. Section three makes it unlawful for anyone to otherwise issue or pass a check or similar signed order for the payment of money knowing that they have no account with the drawee or knowing that they have insufficient funds or credit for the payment of such check or order. The distinction between the two provisions is that section one requires the receipt of some property or service having a present value at the time the check is issued while section three does not.
The typical circumstance that will arise in check prosecutions under § 28-611(1), is that an individual issues a check and immediately receives merchandise or services which are delivered to the individual in reliance upon the check. Uniformly statutes making such an act criminal have been upheld.See, State v. Kock, 207 Neb. 731, 300 N.W.2d 824
(1981), a case which interpreted subdivision one of § 28-611
and sustained its constitutionality.
Section three does not require present value. It makes criminal the act of passing a check or similar signed order for the payment of money when the issuer knows that they do not have an account or that they have insufficient funds in their account to pay the check. Section three includes passing a no account or insufficient fund check as a payment on account. Thus, the examples referred to during the hearing would fall within the prohibitions of section three.
Similar statutes are in force in several states. The provision in the Nebraska statute was derived from the model penal code. There is a split of authority as to the validity of such statutes within the United States. Some cases have held that such statutes are unconstitutional because they authorize imprisonment for a debt in violation of the Constitution. See, People v. Vinnola, 177 Colo. 405,494 P.2d 826 (1972). Other courts have held such statutes constitutional even where intent was not a requirement of those statutes. See, Ennis v. State, 95 So.2d 20, cert. denied,355 U.S. 868 (1957).
The issue has not been squarely faced in Nebraska. However, we believe that the indications from previous decisions of our court would lead to the conclusion that it is likely § 28-611(3) would be held constitutional. We have previously cited for you State v. Kock, in addition,White v. State, 135 Neb. 154, 280 N.W.2d 433 (1938), andState v. Hocutt, 207 Neb. 689, 300 N.W.2d 198 (1981) involve these issues. The latter case involved § 69-109 which provides a criminal penalty for the disposition of property subject to a security interest. In that case the attack was upon the grounds that the statute violated the provision against the imprisonment for debt. Our Supreme Court however held
 . . . this court stated that § 69-109 was enacted to prevent the fraudulent transfer of mortgaged chattel property.
 With such a provision engrafted by judicial construction, § 69-109 is distinguished from the statute held unconstitutional in State ex rel. Norton v. Janing, supra, and does not constitute imprisonment for debt.
We believe that the same reasoning would apply to the provisions of § 28-611(3) on the issuance of checks where there is insufficient funds or no account since the statute requires proof of knowledge thus intent to commit the prohibited act. The act actually punished by this section is the act of placing into the stream of commerce bad commercial paper knowingly. It is not for purposes of imprisoning debtors. It is our belief that the present statutes serve as a sufficient basis for bringing these cases and we believe that the Nebraska Supreme Court would sustain the constitutionality of this statute.
For the reasons expressed in this opinion, we believe that LB 226 as proposed will not add significantly to the current authority of county attorneys to prosecute these cases and indeed may cause some confusion between subparagraph one and subparagraph three which would be undesirable.
Sincerely,
A. EUGENE CRUMP Deputy Attorney General
Patrick T. O'Brien Counsel to the Attorney General