STATE OF NEBRASKA, APPELLANT, V. PETER M. SINICA, APPELLEE.

372 N.W.2d 445

Filed August 23, 1985.   No. 84-703.

Michael G. Heavican, Lancaster County Attorney, and David W. Stempson, for appellant.

Laureen Van Norman, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from a decision of the district court for Lancaster County, Nebraska, in a criminal case.

Pursuant to Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 1984), the State filed an application for leave to docket an appeal to this court, taking exceptions to the ruling of the lower court. We sustain one of the exceptions.

Appellee, Peter M. Sinica, was arrested and charged with child abuse, specifically that he "did knowingly or intentionally cause or permit Peter M. Sinica, Jr., a minor child, to be cruelly punished." Appellee was bound over to the district court after a preliminary hearing. Appellee raised the question of the constitutionality of the statute in both the county court and the district court. The trial court sustained a motion to quash the information, holding that Neb. Rev. Stat. § 28-707(1) (Cum. Supp. 1984) is "so vague that it violates due process of law."

In its order the district court mistakenly cited the statute the appellee was charged under as Neb. Rev. Stat. § 28-708 (Cum. Supp. 1984). While this section contains similar language, it applies to "incompetent or disabled" persons, not minor children. Taken as a whole, however, the trial judgment clearly refers to § 28-707(1), and we assume the court intended it to refer to the proper statute. See *State v. Olson*, 217 Neb. 130, 347 N.W.2d 862 (1984).

The appellee is the father of the alleged victim. The incident which gave rise to the complaint was called to the attention of the 9-year-old child's teacher, who questioned the child about a cut on his face. On questioning, the child revealed that his father had struck him on the face and beaten him with a belt on his buttocks and back. The police were summoned and the child was treated at a local hospital. Photographs taken by the police show the child's buttocks to be severely bruised. The entire surface of the child's backside was a deep purple color. Strap and bruise marks also appear about the child's back and shoulders. The child testified that the punishment was inflicted because the child had disobeyed an order from the appellee. The child was to have brought home notes from his teachers showing that all his schoolwork had been completed before leaving on a family vacation.

The State's exceptions are twofold: (1) That the appellee lacked standing to attack the constitutionality of the statute, *State v. Groves*, 219 Neb. 382, 363 N.W.2d 507 (1985), and *State v. Frey*, 218 Neb. 558, 357 N.W.2d 216 (1984); and (2) Even on a facial challenge the relevant statutory language, "cruelly punished," is not vague or uncertain.

The State's first exception is overruled. Regardless of

whether an individual may have standing to challenge a statute for vagueness, a question which we addressed in *Groves, supra*, and *Frey, supra*, the appellee may have standing to assert that a statute is overbroad because it reaches a substantial amount of constitutionally protected conduct.

The right to privacy, a fundamental right within the penumbras of the guarantees of the Bill of Rights, includes a right to freedom of choice in marriage and family decisions. *Griswold v. Connecticut*, 381 U.S. 479, 85 S. Ct. 1678, 14 L. Ed. 2d 510 (1965); *Pierce v. Society of Sisters*, 268 U.S. 510, 45 S. Ct. 571, 69 L. Ed. 1070 (1925); *Meyer v. Nebraska*, 262 U.S. 390, 43 S. Ct. 625, 67 L. Ed. 1042 (1923). The Supreme Court has further recognized the fundamental liberty interest of parents in the care, custody, and management of their children. *Santosky v. Kramer*, 455 U.S. 745, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982). Thus, the liberty to engage in these parental activities is protected by the due process guarantees of the fourteenth amendment to the U.S. Constitution. *Santosky v. Kramer, supra*; J. Nowak, R. Rotunda & J. Young, Constitutional Law ch. 13, § V (2d ed. 1983).

In *Groves* and *Frey, supra*, based upon the Supreme Court's ruling in *Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 102 S. Ct. 1186, 71 L. Ed. 2d 362 (1982), we said that when a statute is facially challenged as to overbreadth and vagueness, "our first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct." *Frey, supra* at 561, 357 N.W.2d at 219. If the overbreadth challenge fails, "[w]e are to then examine the facial vagueness . . . ." *Id.* Vagueness is a constitutional vice conceptually distinct from overbreadth, in that an overbroad law need lack neither clarity nor precision and a vague law need not reach constitutionally protected activity. L. Tribe, American Constitutional Law § 12-28 (1978). However, in a footnote to *Hoffman Estates* the Supreme Court recognized that in making an overbreadth determination

> a court should evaluate the ambiguous as well as the unambiguous scope of the enactment. To this extent, the vagueness of a law affects overbreadth analysis. The Court has long recognized that ambiguous meanings

cause citizens to " 'steer far wider of the unlawful zone' . . . than if the boundaries of the forbidden areas were clearly marked."

*Hoffman Estates, supra* at 494 n.6.

Under the facts of this case we find that it would be impossible to determine whether § 28-707(1) is overbroad and impinges on the constitutional right of a parent to reasonably correct and discipline a child without examining the statutory language for clarity and precision in proscribing the offense of child abuse.

Section 28-707(1) reads as follows:

(1) A person commits child abuse if he or she knowingly, intentionally, or negligently causes or permits a minor child to be: (a) Placed in a situation that endangers his or her life or health; or (b) Cruelly confined or cruelly punished; or (c) Deprived of necessary food, clothing, shelter, or care.

We focus in particular on subsection (b). Is the term "cruelly punish" defined with sufficient definiteness, and are there ascertainable standards of guilt to inform someone of common intelligence what course is lawful to pursue? *State v. Metzger*, 211 Neb. 593, 319 N.W.2d 459 (1982). The term "cruelly punished" is not defined in a separate section of the statute. However, "cruel" is defined by Webster's Ninth New Collegiate Dictionary 311 (1985) as "1: disposed to inflict pain or suffering: devoid of humane feelings   2 a: causing or conducive to injury, grief, or pain   b: unrelieved by leniency." "Punish" is defined by the same source as "1 a: to impose a penalty on for a fault, offense, or violation   b: to inflict a penalty for the commission of (an offense) in retribution or retaliation   2 a: to deal with roughly or harshly   b: to inflict injury on." *Id.* at 955.

In *People v. Jennings*, 641 P.2d 276 (Colo. 1982), the defendant, Jennings, was charged with child abuse under a statute similar to § 28-707, which provided that a person was guilty of child abuse if he " 'knowingly, intentionally, or negligently, and without justifiable excuse,' caus[ed] or permitt[ed] a child to be 'abandoned, tortured, cruelly confined or cruelly punished.' " 641 P.2d at 277. After a jury

trial and a judgment of conviction, the trial court found the words "cruelly punished" to be unconstitutionally vague because of the subjective nature of the words. On appeal the Colorado Supreme Court reversed. The court held that the term "cruelly punished" is one capable of definition and applies to clearly proscribed conduct.

That a distinction can be made between permissible punishment and "cruel" punishment is supported by the traditional common law rule concerning parental discipline of children. At common law the parent of a minor child or one standing *in loco parentis* was privileged in using a reasonable amount of force upon a child for purposes of safeguarding or promoting the child's welfare. *Bowers v. State*, 283 Md. 115, 389 A.2d 341 (Ct.App.1978); *Boyd v. State*, 88 Ala. 169, 7 So. 268-69 (1890); *W. LaFave & A. Scott, Handbook on Criminal Law* § 52, at 389-90 (1972); *Restatement of Torts* (Second) § 147(1); Paulsen, *The Legal Framework for Child Protection*, 66 *Colum. L.Rev.* 679 (1966). While at common law the precise test of what constituted permissible force varied from jurisdiction to jurisdiction, *see* Annot. 89 A.L.R.2d 396, as a general proposition, so long as the chastisement was moderate and reasonable in light of the child's age and condition, the misconduct being punished, the kind of punishment inflicted, the degree of harm done to the child and other relevant circumstances, the parent or custodian would incur neither civil nor criminal liability, even though identical behavior against a stranger would be grounds for an action in tort or prosecution for assault and battery or a similar offense. *See W. Prosser, Torts* § 27, at 136-37 (4th ed. 1971); *LaFave & Scott, supra.*

641 P.2d at 278-79. Quoting the Maryland Court of Appeals in *Bowers v. State*, 283 Md. 115, 389 A.2d 341 (1978), the Colorado Supreme Court observed: " 'Since the contours of the common law privilege have been subject for centuries to definition and refinement through careful and constant judicial decision-making, terms like "cruel" or "inhumane" and "malicious" have acquired a relatively widely· accepted

connotation in the law.' " 641 P.2d at 279.

Given sufficient definition by the common law, the term "cruelly punished" would not meet the further evil of a vague statute, that of arbitrary and discriminatory application on an ad hoc and subjective basis by policemen, judges, and juries. *Grayned v. City of Rockford*, 408 U.S. 104, 92 S. Ct. 2294, 33 L. Ed. 2d 222 (1972).

A number of other jurisdictions have examined the phrases "cruel punishment" and "inhumane punishment," *State v. Fahy*, 201 Kan. 366, 440 P.2d 566 (1968), and *Bowers v. State, supra*; "unnecessary punishment or infliction of pain," *Hunter et al. v. State*, 172 Ind. App. 397, 360 N.E.2d 588 (1977); "cruel mistreatment," *State v. Samter*, 4 Or. App. 349, 479 P.2d 237 (1971); and "cruel maltreatment," *State v. Killory*, 73 Wis. 2d 400, 243 N.W.2d 475 (1976), and have found that such phrases do not violate the due process clause of the fourteenth amendment to the U.S. Constitution nor the similar provisions in their own state Constitutions.

The appellee urged before the trial court and in his brief to this court that "cruelly punished" could encompass a broad range of disciplinary techniques. "Many people operate under the philosophy that any physical discipline is cruel, while just as many others believe that spanking is a necessary part of child rearing." Brief for Appellee at 5.

While this assertion may be true, we believe the term "cruelly punished" is capable of an easily understood meaning as distinguished from the reasonable discipline of a child allowed by the common law and protected by the Constitution. It is a mark of statutory interpretation that in construing a statute the Supreme Court will presume that the Legislature intended a sensible rather than an absurd result. *Reed v. McClow*, 205 Neb. 739, 290 N.W.2d 186 (1980). Further, when a statute is constitutionally suspect, we endeavor to interpret it in a manner consistent with the Constitution. *State v. Kock*, 207 Neb. 731, 300 N.W.2d 824 (1981).

Since the term "cruelly punished" has been sufficiently defined by the common law and does not include reasonable disciplinary measures, the appellee's overbreadth challenge to § 28-707(1) must fail. Child abuse is not a constitutionally

protected activity.

Under our analysis appellee's contention that § 28-707 as applied to his conduct is vague would also fail.

As to the alleged facial vagueness of § 28-707(1) as asserted in appellee's brief, the appellee will not be heard to challenge the statute. Since his conduct would be clearly proscribed by the statute, he cannot complain of its application as to the conduct of others. *State v. Frey*, 218 Neb. 558, 357 N.W.2d 216 (1984).

EXCEPTION SUSTAINED, AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.

KRIVOSHA, C.J., concurring in the result.

For reasons more specifically set out in my concurring opinion filed in *State v. Merithew, ante* p. 530, 371 N.W.2d 110 (1985), I concur in the result in this case.