Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/02/2021 08:08 AM CDT

State of Nebraska, appellee, v.
Marcus A. Kilgore, appellant.

___ N.W.2d ___

Filed October 19, 2021.    No. A-20-886.

1.  **Criminal Law: Courts: Appeal and Error.** In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion.

2.  **Courts: Appeal and Error.** Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record.

3.  **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

4.  **Criminal Law: Courts: Appeal and Error.** When deciding appeals from criminal convictions in county court, an appellate court applies the same standards of review that it applies to decide appeals from criminal convictions in district court.

5.  **Convictions: Evidence: Appeal and Error.** Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed favorably to the State, is sufficient to support the conviction.

6.  **Criminal Law: Parent and Child.** Neb. Rev. Stat. § 28-1413(1) (Reissue 2016) codifies the common-law defense against criminal liability for a parent's use of force in, among other circumstances, punishing his or her child's misbehavior.

7. ____: ____. At common law, a parent, or one standing in the relation of parent, was not liable either civilly or criminally for moderately and reasonably correcting a child, but it was otherwise if the correction was immoderate and unreasonable.

8. ____: ____. The question of whether a parent's use of physical force to discipline his or her child was protected under Neb. Rev. Stat. § 28-1413(1) (Reissue 2016) presents a question of fact for the fact finder.

9. **Criminal Law: Evidence: Appeal and Error.** In reviewing a sufficiency of the evidence claim, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Appeal from the District Court for Douglas County, DUANE C. DOUGHERTY, Judge, on appeal thereto from the County Court for Douglas County, THOMAS K. HARMON, Judge. Judgment of District Court affirmed.

Thomas C. Riley, Douglas County Public Defender, and Brian D. Craig for appellant.

Matthew Kuhse, Omaha City Prosecutor, and Kevin J. Slimp for appellee.

RIEDMANN, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

## INTRODUCTION

Marcus A. Kilgore appeals from an order of the Douglas County District Court affirming his conviction and sentence in the county court for Douglas County for caretaker neglect in violation of the Omaha Municipal Code. On appeal to this court, Kilgore claims that the evidence was insufficient to support his conviction. We affirm.

## BACKGROUND

On August 28, 2019, Kilgore's 9-year-old daughter went to her school counselor expressing that she was feeling pain

from her lower back. She reported that Kilgore had spanked her and her 12-year-old brother the previous day with a belt. When the children returned home from school that previous day, Kilgore instructed them to clean their rooms and finish other chores around the house. Kilgore's son testified that Kilgore set a time limit of about 1½ hours for the two children to finish their chores. When the chores were not done on time because they were "messing around," Kilgore warned his children that he would spank them if they did not finish their chores quickly enough. When the chores were still not completed after "multiple warnings," Kilgore proceeded to spank both children with a belt. Kilgore's daughter recalled that Kilgore spanked her "[t]hree or four" times with the belt, "but one lash went . . . right above" her backside and struck her lower back instead. That strike left a red "healing welt" on her lower back, and she stated that it began hurting the next day before she went to the school counselor. She described that the spot where she was hit on her back did not hurt "very bad, but it hurt." The counselor called the Omaha Police Department. Officers spoke with Kilgore's daughter and photographed the mark left on her lower back by the belt, and these photographs are included as an exhibit in the record. During her testimony, Kilgore's daughter affirmed that the welt faded at some point after she reported to the school counselor.

On September 30, 2019, the State filed a criminal complaint in the county court charging Kilgore with one count of caretaker neglect, in violation of Omaha Mun. Code, ch. 20, art. IV, § 20-97 (2004), and one count of disorderly conduct, in violation of Omaha Mun. Code, ch. 20, art. III, § 20-42 (1980), both alleged to have occurred on August 27. Following a bench trial held on January 28, 2020, the county court found Kilgore guilty on the charge of caretaker neglect and not guilty on the charge of disorderly conduct. At a sentencing hearing held on May 28, the court sentenced Kilgore to 21 days in jail.

Kilgore appealed his conviction and sentence to the district court. A statement of errors was filed with the district court

on June 26, 2020, alleging that (1) the evidence was insufficient to sustain his conviction, (2) the county court erred in "admitting evidence of character . . . or habit [regarding Kilgore's prior act of using a belt for disciplinary purposes] when the State failed to properly file a motion in limine seeking to introduce such evidence," (3) the county court erred in "admitting [the same] evidence of habit under Neb. Rev. Stat. § 27-406 [(Reissue 2016)] in place of character evidence proffered by the State under Neb. Rev. Stat. § 27-404 [(Reissue 2016)]," (4) the county court erred in "admitting [the same] evidence of character or habit because its probative value was substantially outweighed by the potential for unfair prejudice," and (5) the county court erred in holding that "the only force that can be used by a parent for corporal punishment is spanking by hand and not by a physical instrument."

In the order entered on November 12, 2020, the district court found that the county court abused its discretion in admitting testimony by an Omaha police officer regarding Kilgore's specific prior act of using a belt to discipline his children. The district court nonetheless affirmed Kilgore's conviction and sentence, concluding that "there was sufficient independent evidence to support the [county court's] finding of guilt, without including the evidence wrongfully admitted."

Kilgore appeals from the district court's order.

## ASSIGNMENT OF ERROR

Kilgore claims the district court erred in affirming the county court's finding of guilt, because there was insufficient evidence to prove beyond a reasonable doubt that he was guilty of caretaker neglect.

## STANDARD OF REVIEW

[1-4] In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Collins*, 307 Neb. 581, 950

N.W.2d 89 (2020). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *Id.* When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* When deciding appeals from criminal convictions in county court, we apply the same standards of review that we apply to decide appeals from criminal convictions in district court. *Id.*

[5] Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Price*, 306 Neb. 38, 944 N.W.2d 279 (2020).

## ANALYSIS

Kilgore was convicted of caretaker neglect under § 20-97 of the Omaha Municipal Code. A copy of this ordinance is included as part of the record before this court. As relevant to the facts of this appeal, this ordinance provides in part that "[a] person commits caretaker neglect if he or she negligently causes or permits [a] minor child to be placed in a situation that endangers his or her life or physical or mental health" or "to be cruelly confined or cruelly punished."

[6-8] Kilgore claims on appeal that his conduct could not satisfy the elements of caretaker neglect, and he further argues that his use of a belt to punish his children falls within the protection afforded to parents under Neb. Rev. Stat. § 28-1413

(Reissue 2016) to use force in disciplining their minor children. Section 28-1413(1) provides that the use of force upon or toward the person of another is justifiable if

[T]he actor is the parent or guardian or other person similarly responsible for the general care and supervision of a minor or a person acting at the request of such parent, guardian, or other responsible person and:

(a) Such force is used for the purpose of safeguarding or promoting the welfare of the minor, including the prevention or punishment of his or her misconduct; and

(b) Such force is not designed to cause or known to create a substantial risk of causing death, serious bodily harm, disfigurement, extreme pain or mental distress, or gross degradation.

Section 28-1413(1) codifies the common-law defense against criminal liability for a parent's use of force in, among other circumstances, punishing his or her child's misbehavior. See *Maria A. on behalf of Leslie G. v. Oscar G.*, 301 Neb. 673, 919 N.W.2d 841 (2018). At common law, a parent, or one standing in the relation of parent, was not liable either civilly or criminally for moderately and reasonably correcting a child, but it was otherwise if the correction was immoderate and unreasonable. *Id.* See, also, *State v. Sinica*, 220 Neb. 792, 372 N.W.2d 445 (1985) (observing that cruel punishment, as contemplated by Neb. Rev. Stat. § 27-707(1) (Cum. Supp. 1984), which codified elements of child abuse, is distinct from and does not include reasonable disciplinary measures). The question of whether such discipline was reasonable, and therefore protected under § 28-1413(1), presents a question of fact for the fact finder. See *State v. Miner*, 216 Neb. 309, 343 N.W.2d 899 (1984).

Kilgore claims that his conduct in disciplining his daughter with a belt "did not place her in danger of her life, physical health, or mental health," because the extent of her injury did not rise to such a level of danger. Brief for appellant at 8. He further argues that his conduct was "readily distinguishable

from cruel punishment," given the disciplinary context of his actions, because his daughter's "testimony demonstrates that she understood that she misbehaved and that her misbehavior [was] why she was punished." *Id.* at 9. He also notes that the welt left on her lower back "later disappeared" and that her testimony further indicated that "it did not hurt much." *Id.*

[9] As we have set forth previously, this court, in reviewing the sufficiency of the evidence, does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. See *State v. Price*, 306 Neb. 38, 944 N.W.2d 279 (2020). The relevant question for this court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *State v. Figures*, 308 Neb. 801, 957 N.W.2d 161 (2021).

The testimony of both children indicated that they were each struck multiple times by Kilgore with a belt. The daughter testified that, of the "[t]hree or four" strikes, one lash hit her on the lower back and left a red mark that began to cause her pain the following day. She described this pain as "not very bad, but it hurt." She also testified that before she or her brother would be spanked, there was generally a process of escalating punishments for misbehavior, stating that their parents would first "usually talk to [them]" and then "ground [them] from [privileges] like . . . the television or playing a video game" if they continued to misbehave. Kilgore's son testified that the day he and his sister were spanked, Kilgore only gave them warnings to finish their chores before proceeding to spank them both with a belt. Both children testified that they were not afraid of Kilgore before or after this incident, and Kilgore's son indicated that this was not the only time in 2019 that he or his sister was spanked with a belt.

The specific facts of this case indicate that Kilgore's daughter was struck on her back with a belt, leaving a red welt and pain sufficient to cause her to report the incident to her

school counselor the following day. Consequently, the evidence was sufficient for a rational trier of fact to find that Kilgore's actions negligently placed his daughter in a situation that endangered her physical or mental health. While use of force as punishment for a child's misconduct may be protected under § 28-1413(1) as Kilgore argues, a rational fact finder, based on the evidence of Kilgore's daughter's injury, could find that Kilgore's use of a belt to discipline his daughter was not reasonable or moderate and carried with it a substantial risk of causing extreme pain or mental distress. A fact finder could thus conclude that the type of force used here did not qualify for protection under § 28-1413(1).

When viewing this record in the light most favorable to the State, we find that a rational finder of fact could have found the essential elements of caretaker neglect under § 20-97 of the Omaha Municipal Code beyond a reasonable doubt. A rational finder of fact could have also found that Kilgore's use of a belt multiple times to discipline his daughter to the point of leaving a red welt and causing pain sufficient to cause her to report the incident to the school counselor the following day was not protected by § 28-1413(1). The evidence was therefore sufficient to sustain his conviction.

## CONCLUSION

For the reasons set forth above, we affirm the district court's order affirming Kilgore's conviction and sentence.

Affirmed.